[No. 21698.   Department One.   September 28, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTEN KNUDSEN, *Appellant*.[1]

*John J. Sullivan*, for appellant.

*Ewing D. Colvin* and *Ethan Allen Peyser*, for respondent.

[1] Reported in 280 Pac. 922.

BEALS, J.—Defendant was charged by information with the crime of being a bootlegger, the charging portion of the information reading as follows:

"He, said Christen Knudsen, in the county of King, state of Washington, on the 7th day of August, A. D. 1928, wilfully, unlawfully and feloniously did then and there carry about with him certain intoxicating liquor for the purpose of the unlawful sale of the same."

The trial of defendant to the court, sitting without a jury, a jury having been expressly waived by all the parties, resulted in a judgment of guilty and sentence thereon, from which defendant appeals.

Error is assigned upon the refusal of the trial court to suppress certain evidence consisting of intoxicating liquor seized by Federal officers without a search warrant, upon the failure of the trial court to make findings of fact and upon the rendition of the judgment of guilty and the imposition of sentence thereon.

The first question presented on this appeal is the legality of the seizure of certain intoxicating liquor by Federal officers and the admission thereof and testimony concerning the same as evidence against appellant. The arresting officers had no warrant of arrest directing the apprehension of appellant, nor did they make the search complained of by authority of any search warrant. Appellant seasonably moved to suppress the evidence seized by the arresting officers and assigns error upon the denial of this motion.

This court has adopted the rule laid down by the supreme court of the United States to the effect, "that it is beneath the dignity of the state, and contrary to public policy, for the state to use for its own profit evidence that has been obtained in violation of law." *State v. Buckley*, 145 Wash. 87, 258 Pac. 1030, in which opinion the authorities are considered and referred to.

The evidence introduced by the state, in support of the arrest of appellant and of the search of his

automobile and seizure of intoxicating liquor found therein, is clearly set forth in a stipulation between respondent and appellant to the effect that a witness for the state, who was an officer of the Federal prohibition department, would, if present at the trial of appellant, testify as follows:

"That on or about July 26, 1928, he received information over the telephone from an unknown person that one Christen Knudsen was part owner in and deliveryman for a still located in the south end of this county, and that said Knudsen was engaged in supplying most of the whiskey for the trade in the Howell street district, Seattle, Washington; that the informant told Corwin that the said Knudsen drove a Dodge truck, Washington license No. 582-457, and that his daily practice was to bring in from the still each night a load of whiskey, which was taken to a cache in Seattle. From the foregoing, Corwin recalled that he knew said Christen Knudsen and knew that he had been convicted of the crime of possession of intoxicating liquor in the state court. On August 7, 1928, Corwin received information from the same unknown person that Knudsen would drive a load of whiskey into a garage in the vicinity of Yale avenue north and Eastlake avenue at about ten p. m. Thereupon Corwin, together with agents Bell and Fryant and driver Herbert Fletcher went to the vicinity of Yale north and Eastlake avenue, the same being about two blocks from a certain private garage located at 2002 Yale avenue north. At about ten p. m., the Dodge truck above mentioned was seen by Corwin approaching the said garage. Corwin, together with the agents above named, followed the said truck about two blocks and observed that it was very heavily loaded. The fenders thereof, because of the excessive load, were almost touching the wheels. Although the driver's seat was normally in an exposed position, on this particular night it was tightly closed in with side curtains."

Another Federal prohibition officer, who was present at the trial, testified as follows:

"We laid wait for Knudsen. We seen Chris Knudsen's truck pull into 2002 Yale avenue north. The license number of the truck was known to us. As he backed into the garage, I jumped out— THE COURT: That was in King county, Washington? THE WITNESS: Yes. I jumped out of the car when we turned around the next block. I went into the garage first. I seen Chris Knudsen at the wheel of the car with the headlights on. I told him I was a Federal officer. I looked through the curtain of the truck and seen quite a few kegs. I told the boys he was there. We made a search of the car, found about a hundred gallons of moonshine whiskey, and placed him under arrest."

Two other witnesses who were present at the arrest of appellant gave similar testimony.

It clearly appears from the record that the Federal officers who made the arrest, search and seizure, had no warrant of arrest for the apprehension of appellant, nor did they have any search warrant authorizing the search of his person, premises or property.

Two questions of major importance must be considered in determining this appeal: First, Did the anonymous telephone calls received by the Federal prohibition officers constitute probable cause for the apprehension of appellant, and did the information so received justify the actions of the officers in proceeding to arrest appellant and make the search which they made, without the procurement of a warrant of arrest or a search warrant? Second: If it be held that the information anonymously received was insufficient to of itself justify the proceedings of the Federal agents, did what they saw while lying in wait near and at the premises occupied by appellant constitute reasonable or probable cause for belief on their part that appellant was in their presence violating the law and justify his arrest and the search of his automobile?

This court in the case of *State v. Buckley,* 145 Wash. 87, 258 Pac. 1030, held that the search of a room occu-

pied by the defendant and other persons and the seizure of certain property therein was unlawful and that the property seized was inadmissible in evidence against defendant on his trial. In the case cited, the search was made by police officers who were called by the occupants of a suite of rooms in an apartment house whose property had been stolen by a burglar. Upon arrival of the police, their attention was called to another room in the apartment house, the occupants of which had been noisy during the evening prior to the burglary. The officers knocked at the door of this room and, upon the same being opened, entered the room without waiting for an invitation. They then made the search which resulted in the finding of the stolen articles. The search, not being authorized by any search warrant, was held illegal, and it was held that evidence uncovered in the course of this search should be suppressed.

Appellant also cites the case of *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390, in which case the arrest of defendant and the search of his automobile, in the absence of a warrant of arrest or a search warrant, were held to have been without authority of law, it following that intoxicating liquor found as a result of the search was inadmissible in evidence upon the trial of the defendant charged with its unlawful possession.

Respondent contends that the case last cited is no longer authority, but, while some of the language used in the opinion has been subsequently explained and held inapplicable to certain different situations presented by later cases, we cannot find that the principle of law laid down in the *Gibbons* case has ever been repudiated by this court.

In the case of *State v. Hughlett*, 124 Wash. 366, 214 Pac. 841, it was held that, in case of a lawful arrest by a peace officer, the officer may lawfully and without a

search warrant search the person arrested and take from him any evidence tending to prove the crime with which he stood charged. It was also held that the rule allowing such search without a warrant should also extend to articles which the person arrested was carrying and to an automobile of which he had possession and control at the time of his arrest. In the case last cited, this court discussed the question as to what constitutes probable cause for arrest, and found that the facts presented by the record then before the court brought that case within the rule laid down by the authorities, and that the defendants in that action had been lawfully arrested. The arrest having been lawful, the search complained of was held justified.

The following authorities from other jurisdictions are in point upon the first proposition above stated, namely, the sufficiency of information anonymously conveyed to constitute probable cause for arrest and search without warrants.

In the case of *Salata v. United States,* 286 Fed. 125, the United States circuit court of appeals for the sixth circuit held that testimony of a Federal prohibition agent to the effect that a report had come in to his office concerning the source of which the witness had no knowledge, to the effect that liquor was being dispensed in defendant's place of business, did not constitute probable cause for the issuance of a search warrant.

The court of appeals of the District of Columbia, in the case of *Schencks v. United States,* 2 Fed. (2d) 185, held that an affidavit by a Federal officer, in which the affiant simply stated that he had reason to believe and did believe that an offense was in course of being committed, or which set out mere conclusions of law or urged facts stated on mere information and belief, was

insufficient to support a search warrant and that a warrant issued upon such a showing was invalid.

The circuit court of appeals for the ninth circuit, speaking through Judge Rudkin, in the case of *Brown v. United States,* 4 Fed. (2d) 246, held an arrest and seizure without a warrant illegal. In the course of the opinion, the court says:

" 'If the seizure is merely based upon a suspicion, and the facts are not sufficient to justify an arrest, the subsequent discovery by an examination of the evidence, secured by the seizure, that the suspicion was in fact well founded, is not sufficient to make what was unlawful at its commencement a lawful search. . . . The proper test, supported by the great weight of authority, by which this case should be decided, is: Were the circumstances presented to the officers through the testimony of their senses sufficient to justify them in a good-faith belief that plaintiff in error was in their presence transporting liquor in violation of law or that he had in their presence liquor in his possession in violation of law? In other words, was there probable cause for them to so believe, or were the facts sufficient to give rise merely to a suspicion thereof? If the former the arrest was legal and the evidence secured by it admissible. If the latter, the arrest was illegal, and the evidence obtained not admissible.' *Garske v. United States,* (C. C. A.) 1 F. (2d) 620, 625.

"The officer who made the arrest was the only witness at the trial. He testified that the plaintiff in error parked his car at the curb of one of the public streets of the city of Portland, removed a package from the back part of the car, and started up the street; that the package was not smooth, and from its appearance might contain bottles; that he then placed the plaintiff in error under arrest; that prior to that time he had been informed that the plaintiff in error was a bootlegger, and that the license number of the car driven by the plaintiff in error had been furnished him, but the source of his information was not disclosed in either case; that on another occasion the

plaintiff in error had delivered a package at an office building in the city, and that the form of the package indicated that it might contain two bottles, but what the package contained he did not know, nor did he know what the package in this case contained. Beyond the foregoing, the officer had no knowledge of any kind, and no information from any source, that a crime was being committed in his presence. He testified repeatedly that he had no such knowledge, and that he acted on suspicion only. While an officer may arrest without warrant for reasonable cause, he can only act upon evidence; he cannot act upon mere suspicion.

"If, instead of arresting the plaintiff in error, the officer had presented all the facts within his knowledge and all the information at hand to a magistrate, no magistrate would issue a warrant of arrest for the plaintiff in error; no magistrate would hold the plaintiff in error to answer for a crime before another tribunal; no grand jury would indict; no court would submit the case to a jury; and, if the officer were sued for false imprisonment, no court would instruct that the arrest was justified, assuming all the foregoing testimony to be true. If we are correct in these conclusions, and we see no escape from them, the arrest was without authority of law, and the property wrongfully seized was not admissible in evidence."

In the case last cited, a witness for the prosecution, a policeman, had testified that, prior to the time of the arrest, he had been informed that the accused was a bootlegger and the license number of the car driven by the accused had been furnished to the witness, but the source of this information was not disclosed. While this information was not as definite as the anonymous information furnished the respondent's witnesses in the case at bar, it was, nevertheless, information which, if its character was such as to in law constitute probable cause for an arrest, was undoubtedly sufficient, in addition to what the arresting officer saw with his own eyes, to constitute reasonable ground for

belief that the accused was violating the law at the time the officer arrested him.

In the case of *United States v. Allen,* 16 Fed. (2d) 320, the judge presiding over the United States district court for the southern division of Florida held that Federal prohibition agents were not justified in acting upon information that certain automobiles, which were described to them, would on a certain night attempt to convey intoxicating liquor over a particular road, and in seizing and searching a particular automobile which corresponded to one of the descriptions given them, and that the search and seizure were unreasonable and in violation of law. The car searched corresponded with the description of one of the cars furnished the officers of the law, and when it was seen approaching along the road, it appeared to be heavily loaded and rather dirty and had mud on the back part of the spare tire cover and fenders. The court held the objection of the accused to the introduction in evidence of intoxicating liquor found in the car upon its search to be well taken, and sustained the same.

The supreme court of Montana in the case of *State ex rel. Hansen v. District Court for Gallatin County,* 72 Mont. 245, 233 Pac. 126, expressed the opinion that information conveyed to officers of the law that an automobile, which was not described, containing intoxicating liquor, would appear at a certain place and time, would furnish no sufficient ground for the issuance of a search warrant, and that proof of general reputation of a particular person as a law violator and that such person had been found in the act of transporting intoxicating liquor, would form no basis for the issuance of a search warrant or for an arrest without a warrant.

The court of criminal appeals of Texas, in the case of *Gunter v. State,* 109 Tex. Cr. 408, 4 S. W. (2d) 978,

held an arrest and search illegal under the following circumstances: The officers of the law had procured a search warrant authorizing the search of the premises therein described. While the search was in progress, defendant drove up in an automobile and stopped in front of the premises being searched. The officers did not know defendant, but one of them went to the automobile which defendant had left and, upon searching it, found intoxicating liquor therein. They had no warrant authorizing the search of the car, and had no more reason for thinking that that particular car contained intoxicating liquor than they would have had for supposing that any other car which drove up and stopped in front of the building contained such liquor. The search was held illegal and the admission of testimony concerning the same was held reversible error.

The fourth amendment to the constitution of the United States reads as follows:

"The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

Under the foregoing amendment to the constitution of the United States, anonymous information received over the telephone, or otherwise, is not sufficient, of itself, to authorize searches or seizures of persons, automobiles or homes without warrants obtained from lawful authority authorizing such action. If an officer of the law, upon being questioned as to his reason for having searched the home of a citizen or resident without authority of a search warrant, may plead, as justification for his action, an anonymous telephone call, it would seem that all legal restrictions on the authority

of law enforcement officers to conduct searches at their mere pleasure are done away with. It is, of course, true that anonymous messages or information to the effect that crimes have been or are being committed, should be investigated by the proper officers, but an investigation is one thing and such a search as is referred to in the section of the constitution of the United States above quoted is another and a different thing.

In the case at bar, under the constitution and the authorities, the anonymous information conveyed to the law enforcement officers did not of itself afford a lawful basis for the arrest of appellant and the search of his automobile without warrants authorizing such action.

The question as to whether or not what the officers of the law saw while awaiting appellant's return upon the evening of his arrest constitutes ground for the search which resulted in the finding of the contraband liquor is one of considerable difficulty.

The circuit court of appeals for the fifth circuit, in the case of *Emite v. United States,* 15 Fed. (2d) 623, held that officers who noticed an automobile, heavily loaded and traveling slowly, proceeding with care over a rough road, the officers having previously noticed the car parked by the side of an ice plant from which the officers had been informed that liquor was being dispensed, were not justified in stopping the car and searching the same without a search warrant.

The supreme court of Indiana, in the case of *Robinson v. State,* 197 Ind. 144, 149 N. E. 891, held the search of the defendant and his automobile illegal, it appearing that the arresting officers, knowing, as they testified, that the defendant was a bootlegger, stopped defendant as he was driving his machine and pursued him when he ran therefrom, throwing a bottle away

as he ran. The officers having no warrant for defendant's arrest or one authorizing the search of his person or automobile, the court held the arrest and search illegal as based upon mere suspicion, without knowledge or information, apparently reliable, that a crime had been or was being committed. To the same effect, is the opinion of the supreme court of Oklahoma in the case of *Graham v. State*, 31 Okl. Cr. 125, 237 Pac. 462.

The supreme court of the United States, in the case of *Carroll v. United States*, 267 U. S. 132, says:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens. . . .

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

In the case at bar, it appears that the senior officer in charge of the party which made the search knew appellant, and that he had previously been convicted of some offense against the laws prohibiting possession, transportation or sale of intoxicating liquor. On the evening of the search, and after observing the approach of appellant to his garage and his entry therein, one of the officers entered the garage and observed that in appellant's automobile were several kegs. Under the rule laid down by this court in the case of *State v. Basil*, 126 Wash. 155, 217 Pac. 720, the entry

of the Federal officer into appellant's garage was at most a civil trespass, and after such entry any visible evidence of crime was subject to his cognizance as a peace officer. The opinion of this court in the case of *State v. Dutcher,* 141 Wash. 627, 251 Pac. 879, is also an authority upon this question.

In the case of *Carroll v. United States, supra,* the supreme court of the United States commented upon the distinction which, in construing the fourth amendment to the Federal constitution, has been recognized practically since the foundation of the government as establishing a necessary difference between the search of a store or dwelling, for the search of which an official warrant could readily be obtained, and the search of a ship, motorboat, wagon or automobile, in which case it is less practicable to secure a warrant because the vehicle is mobile and may quickly depart from the locality or jurisdiction in which the warrant must be sought. This is a reasonable distinction founded both upon precedent and sound logic, and in the case last referred to, the supreme court of the United States, speaking through the chief justice, upheld as lawful the search, seizure and arrest therein complained of.

Each case presents, of course, a state of facts to a greater or less extent different from that presented in every other case. After careful consideration, we are of the opinion that what the officers saw on the evening of appellant's arrest supported a reasonable belief on the part of the officers that appellant was, in their presence, violating the law, and constituted probable cause for the search which was made of appellant's automobile. This being true, it follows that the superior court was correct in denying appellant's motion to suppress the evidence moved against and in receiving, at appellant's trial, the evidence concerning the same of which appellant complains.

Appellant assigns error upon the failure of the trial court to make any findings of fact or conclusions of law, citing *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171, and *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961. We are of the opinion that, under Rem. Comp. Stat., § 367, in a criminal case tried to the court without a jury, findings of fact should be made as in civil cases. While Rem. Comp. Stat., § 367, is a part of the civil practice act, it is general in its terms, and § 2158, part of the criminal practice act, provides, *inter alia,* that "the trial shall be conducted in the same manner as in civil actions." This case is, however, unusual in that the record discloses no dispute as to the facts. Appellant did not take the stand on his own behalf, nor did he offer or introduce any evidence. No conflict whatever appears in the testimony given by the different witnesses for respondent, and in such a case, the failure of the trial court to make findings of fact must be held to constitute an irregularity only, as this court is in exactly as good a position to determine the facts as was the trial court. This court has held that Rem. Comp. Stat., § 367, is mandatory, but it is only reasonable to hold that such is the case only in instances where some disputed question of fact is presented by the evidence.

We accordingly hold that in the case at bar the failure of the trial court to make findings of fact constitutes an irregularity only which does not call for a reversal of the judgment appealed from.

In this instance, the cause cannot be remanded to the trial court for the entry of findings of fact under the rule laid down in the case of *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419, as the judge who heard the case below is no longer upon the bench.

Finding no reversible or prejudicial error in the record, the judgment appealed from is affirmed.

TOLMAN, PARKER, FULLERTON, and HOLCOMB, JJ., concur.