[No. 23580.   Department Two.   March 21, 1932.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANCIS S. MEDCRAFT, *Appellant.*[1]

*Hanna & Gemmill* and *M. V. Dougherty,* for appellant.

*J. A. Adams* and *Sam M. Driver,* for respondent.

BEALS, J.—Defendant was tried upon a complaint charging him with the crime of practicing dentistry without a license. The trial was had to the court sitting without a jury, and, from a judgment of guilty and a fine imposed pursuant thereto, defendant appeals.

Appellant contends that the evidence is insufficient to support the judgment entered by the trial court, and argues that the judgment appealed from should be reversed and the proceeding dismissed.

Section 10030-1, Rem. 1927 Sup., defining the practice of dentistry, in so far as the same is pertinent to this inquiry, reads as follows:

[1] Reported in 9 P. (2d) 84.

"Any person shall be regarded as practicing dentistry within the meaning of this act who, for a fee, salary or other reward, paid or to be paid to himself or any other person, shall perform dental operations of any kind upon any human being, or who shall diagnose or profess to diagnose, or examine and contract for the treatment of, or who shall treat or profess to treat, or advertise as treating, any disease or disorder or lesion of the oral cavity, teeth, gums, maxillary bones, or extract teeth, or repair or fill cavities. . . . Provided further, that nothing in this act shall prohibit any person from performing mechanical work on inert matter.''

A representative of the state department of licenses testified that, at about seven o'clock in the evening, a short time prior to appellant's arrest, the witness took up his position across the street from the dental office in which appellant was employed, and, the lights being on in the office, through a window observed appellant "practicing dentistry on some individual.'' In response to a question as to what appellant was doing, the witness answered:

"I could see him operating on the patient's mouth. I couldn't tell just exactly what work he was doing on the mouth. I was across the street, maybe fifty feet or sixty feet.''

It appears that the witness had sent a young man, one A. D. McCurley, to the dental office for the purpose of requesting appellant to perform some dental work. The witness testified that, shortly after this man entered appellant's office, the witness followed him, and that, as he entered the office, Mr. McCurley was seated in the dental chair and appellant was "working on his mouth.''

The testimony of this witness must be viewed in the light of all the circumstances of the case, and particularly in connection with the testimony of Mr. McCur-

ley, who was also sworn as a witness on behalf of the prosecution. Appellant testified that, just prior to the entrance of witness McCurley into the dental office, he had been standing beside a dental chair in which was seated a patient who was awaiting attention from one of the licensed dentists maintaining the establishment, who was at the time in the office. Taking into consideration the cross-examination of the representative of the department of licenses and the admitted physical surroundings, as detailed by himself, it is clear that, when the witness testified that, from his point of observation across the street, he saw appellant practicing dentistry on some individual and operating on the patient's mouth, the witness was simply guessing as to what appellant was doing.

The witness McCurley testified that, under directions from the state officer, he entered the dental office on the evening in question, and asked appellant for dental service. The witness stated that appellant was standing beside a man who was sitting in the dental chair, and who had been spitting blood into the receptacle provided for that purpose. The witness did not state that he saw appellant treat the patient, and, in response to a question as to whether or not appellant had any implement in his hand, the witness replied in the negative.

Further testifying, the witness stated that appellant requested the patient who was sitting in the chair to arise, and, after causing the witness to enter the chair, examined his mouth and stated that he did not have time to attend to the witness that evening, but that, if the witness would return the next night, he "could have it done." The witness did not testify that appellant made any diagnosis whatsoever, or made any statement as to the condition of the witness' mouth or teeth. The witness further stated that appellant

placed in a cavity in one of his teeth some cotton soaked in oil of cloves to allay the pain of which the witness was complaining. At this point, the representative of the state entered the office and told the witness to retire.

The foregoing comprises all of the testimony introduced on behalf of the prosecution, upon which the judgment of guilty can rest. Appellant testified that he was employed in the dental office as a ''dental technician,'' and that, on the evening in question, Mr. McCurley entered the office and asked for appellant, stating that he needed some dental work. The witness testified that he told Mr. McCurley that he was not practicing dentistry, and that, if Mr. McCurley required any dental work, he should return at some later date, as the dentist then in attendance was too busy to perform the work that evening. The witness further stated that Mr. McCurley complained of a tooth which was bothering him, and that the witness, in order to afford temporary relief, put some oil of cloves into the cavity.

In our opinion, the evidence does not disclose proof of any facts sufficient to support a conviction of the crime charged. There is not a scintilla of testimony to the effect that appellant made any charge for the trifling service he rendered Mr. McCurley, or that the matter of payment therefor was discussed between the parties. It is clear that Mr. McCurley needed dental attention, and that he complained of a toothache. It cannot be held that the temporary first aid administered by appellant, under the circumstances here shown, constituted practicing dentistry, within the terms of the statute. Mr. McCurley admitted that appellant did not work on his mouth, other than the placing of the cotton, and that the witness was told to return the next evening.

In our opinion, it cannot be held from the evidence that it appears beyond a reasonable doubt that appellant did anything more than he could lawfully do, pursuant to his employment as a dental technician.

The court failed to enter findings of fact or conclusions of law, which, under the rule laid down in the case of *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922, were necessary in order to support a judgment of guilty. This error is, however, immaterial, in view of our opinion on the evidence.

The judgment appealed from is reversed, with instructions to dismiss the proceeding.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.