[No. 31107. Department One. January 27, 1950.]

THE CITY OF SEATTLE, *Respondent,* v. PETER SILVERMAN, *Appellant.*[1]

*Edward Starin,* for appellant.

*A. C. Van Soelen* and *Bruce MacDougall,* for respondent.

BEALS, J.—The city of Seattle, as plaintiff, instituted this action October 28, 1948, by filing a criminal complaint against the defendant, Peter Silverman, the complaint having been verified by H. L. Schultheis, a police officer, and filed in the justice court for Seattle precinct, King county, Washington, before John H. Neergaard, a justice of the peace acting as municipal judge.

An amended complaint was filed November 18, 1948, verified by Officer Schultheis, charging that, October 27, 1948, the defendant

[1]Reported in 214 P. (2d) 180.

" . . . did commit a misdemeanor—disorderly conduct —as follows, to-wit: Then and there being the said defendant did wilfully and unlawfully engage in conduct tending to debauch the public morals in that he did exhibit and display certain moving pictures of nude women at 1123-1st Avenue, all of which is contrary to Ordinance No. 16046, Section 1 and 61, of the City of Seattle, entitled 'An Ordinance for the preservation of public morality, peace, safety and good order in the City of Seattle, and providing penalties for violations thereof,' approved May 23, 1907, and against the public morals, peace and good order of the City of Seattle."

The defendant pleaded not guilty, briefs were filed, and the cause tried before the justice, who, December 16, 1948, by a written judgment, declared the defendant guilty and adjudged that he pay a fine of ten dollars, from which judgment the defendant, by his attorney, gave notice of appeal to the superior court.

The action came on regularly for trial before the superior court on the defendant's appeal, May 9, 1949. It appears, from a recital in the judgment, that both parties waived a trial before a jury, and the action was, accordingly, tried to the court.

It appears that the defendant was charged with violation of an ordinance of the city of Seattle declaring that acts within the city limits, tending to debauch the public morals, constitute an offense against the city defined as disorderly conduct. The defendant was charged with operating a device displaying figures of nude females, the warrant of arrest stating that the defendant engaged "in conduct tending to disturb the public peace, in that he did exhibit and display certain moving pictures of nude women at 1123 1st Avenue." The amended complaint alleged commission of the same offense.

At the close of the trial before the superior court, the judge delivered his oral decision, stating that the judgment entered by the municipal judge, above referred to, would be affirmed. The defendant then moved for a new trial, and, upon denial of this motion, the court entered a judgment, June 21, 1949, declaring the defendant guilty of violation of

the ordinance above referred to, and directing that the defendant be fined in the sum of ten dollars and costs, and that, in default of payment thereof, the defendant stand committed to the city jail until the fine be paid.

From this judgment, the defendant has appealed, assigning error upon the entry of the judgment and the assessment of the fine; upon the denial of appellant's motion for a new trial, and upon the admission in evidence of exhibit No. 1, consisting of a roll of film.

From the evidence introduced, it appeared that appellant had been operating a penny arcade at 1123 First avenue in the city of Seattle; that in the arcade were located different mechanical devices, including moving picture machines, several of which, upon deposit of an appropriate coin, allowed the spectator to view approximately fifty feet of a film, the pictures displayed being photographs of undraped females. One roll of film was introduced in evidence, and the pictures were projected upon a screen in the presence of the court, the parties, and the witnesses. The city's witnesses identified certain pictures which they saw on the screen as those which they had seen in appellant's place of business, prior to making the arrest.

The trial court made no findings of fact or conclusions of law, but simply entered the judgment from which appellant has appealed.

Rem. Rev. Stat., § 367 [P.P.C. § 98-1], reads as follows:

"Upon the trial of an issue of fact by the court, its decisions shall be given in writing and filed with the clerk. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly."

Rem. Rev. Stat., § 2158 [P.P.C. § 140-21], relating to procedure in criminal actions, reads as follows:

"The court shall decide all questions of law which shall arise in the course of the trial, and the trial shall be conducted in the same manner as in civil actions."

In the case of *State v. Knudsen,* 154 Wash. 87, 280 Pac. 922, in which the defendant was prosecuted for alleged

bootlegging, and appealed to this court from a judgment finding him guilty of the crime charged, we said:

"Appellant assigns error upon the failure of the trial court to make any findings of fact or conclusions of law, citing *Western Dry Goods Co. v. Hamilton,* 86 Wash. 478, 150 Pac. 1171, and *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961. We are of the opinion that, under Rem. Comp. Stat., § 367 [Rem. Rev. Stat., § 367], in a criminal case tried to the court without a jury, findings of fact should be made as in civil cases."

As it appeared from the statement of facts that there was no conflict whatever in the testimony, it was held that the failure of the trial court to make findings of fact was an irregularity only, "as this court is in exactly as good a position to determine the facts as was the trial court." It was also true that the cause could not be remanded to the trial court for the entry of findings, as the judge who had heard the case was no longer upon the bench. For the reasons stated, this court considered the evidence and affirmed the judgment.

In the course of the opinion, the court cited the case of *Colvin v. Clark,* 83 Wash. 376, 145 Pac. 419, a civil action at law, in which this court held that the trial court had erred in refusing to enter findings of fact and conclusions of law prior to signing the judgment. The case was remanded to the superior court, with instructions to the trial judge to enter findings and render a judgment thereon from which either party might appeal.

In the case of *State v. Medcraft,* 167 Wash. 274, 9 P. (2d) 84, in which the defendant was charged with the crime of practicing dentistry without a license, on an appeal from a judgment of guilty, this court reversed the judgment, with instructions to dismiss the proceeding, holding that the evidence did not support the judgment. In the course of the opinion, we noted that the trial court had failed to enter findings of fact and conclusions of law, which, citing *State v. Knudsen, supra,* were necessary in order to support a judgment of guilty. It was held, however, that the error

was immaterial, in view of this court's holding that the evidence did not support the judgment of guilty.

In the case at bar, the trial court, in the presence of the parties, their counsel, and witnesses, saw a display of the film containing pictures upon which, in part at least, the prosecution of appellant was based. It appears that the trial court considered this evidence in rendering the judgment from which appellant has appealed.

■ Of course, on appeal, this court should have the benefit of findings by the trial court, based upon all the evidence introduced, and also the court's conclusions of law.

The judgment appealed from is vacated, and the cause remanded to the superior court for the making and entry of findings of fact and conclusions of law, and, based thereon, a judgment from which any aggrieved party may appeal. No costs in this court will be allowed to either party.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.