[No. 170-2. Division Two. May 13, 1971.]

THE CITY OF BREMERTON, *Respondent*, v. EDISON S. FISK, *Appellant*.

*Chas. H. W. Talbot*, for appellant.

*Gordon L. Walgren, City Attorney*, and *Gary H. Sexton, Deputy*, for respondent.

PETRIE, C.J.—The City of Bremerton charged Edison S. Fisk in Bremerton Municipal Court with violation of two sections of a city ordinance, in two counts, in that on September 20, 1968, Mr. Fisk did then and there willfully and unlawfully:

(1) conduct himself in a disorderly manner and in a manner tending to disturb the public pease [*sic*] and quiet by carrying a protest sign with profane and abusive language

(2) indulge in conduct towards other persons which tended to produce a disturbance of the peace.

Count 1, designated "Disorderly Conduct," charged violation of section 1 of ordinance 325 of the City of Bremerton; count 2, designated "Disturbing the Peace," charged violation of section 5 of the same ordinance.

The municipal court found him not guilty of count 2, and the same was dismissed; on count 1 he was found guilty and he appealed to the Superior Court for Kitsap County.

After trial to the court, and after issuing an oral opinion, but without having entered findings of fact and conclusions of law, the court entered a judgment and sentence, adjudging in part:

> [T]hat the Defendant be, and he hereby is found guilty of the charge of breach of the peace and [in?] that the Defendant did appear on the public streets of the City of Bremerton on the 20th day of September, 1968, carrying and displaying an obscene sign which sign also displayed "fighting words" . . . .

█ Before passing upon the several assignments of error raised by the defendant, this court should have the benefit of specific findings and conclusions of the trial court. *Seattle v. Silverman,* 35 Wn.2d 574, 214 P.2d 180 (1950). We cannot consider this appeal without findings of fact and conclusions of law, because the record does not fully indicate the basis on which the trial court entered its specific judgment of guilty to count 1 of the complaint. *State v. Helsel,* 61 Wn.2d 81, 377 P.2d 408 (1962).

The judgment appealed from is vacated, and the cause is remanded to the superior court for entry of findings of fact and conclusions of law, and, based thereon, a judgment from which an aggrieved party may appeal. No costs in this court will be allowed to either party.

PEARSON and ARMSTRONG, JJ., concur.