[No. 35063-3-I.    Division One.    November 27, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. VINCENT V. PORTOMENE, *Appellant*.

864

*Shannon B. Marsh* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Roger S. Davidheiser, Deputy,* for respondent.

ELLINGTON, J. — Vincent V. Portomene, appealing from convictions for felony harassment and witness intimidation, argues that the State's delay in entering written findings of fact and conclusions of law under CrR 6.1(d) warrants dismissal. We do not agree.

On June 9, 1994, the court found Portomene guilty of seven counts of harassment, two counts of violating a no-contact order and one count of witness intimidation. The State has the burden of presenting findings for entry,[1] but did not prepare written findings until approximately two months after the filing of Appellant's opening brief.

Delayed entry does not require reversal unless the delay prejudiced the defendant or prevented effective appellate review. *E.g., State v. Moore,* 70 Wn. App. 667, 671, 855 P.2d 306 (1993), *review denied,* 123 Wn.2d 1008

---

[1]"As prevailing party, the State has responsibility of proposing the written findings." *State v. Fisher,* 40 Wn. App. 888, 890, 700 P.2d 1173 (1985) (quoting *State v. Fellers,* 37 Wn. App. 613, 621, 683 P.2d 209 (1984)).

(1994). With regard to prejudice, the written findings ultimately entered here closely mirror the oral ruling. There is no indication that the findings were "tailored" to meet issues raised in this appeal. As Portomene has not otherwise demonstrated prejudice, we conclude that he has suffered none. With regard to whether the delayed entry prevented effective appellate review, we note that the oral ruling demonstrates the court found all elements beyond a reasonable doubt. Portomene's counsel on appeal was able to present well-articulated arguments based on the oral ruling. Thus, the delay did not prevent effective appellate review. We therefore decline to reverse, and will consider the findings despite their late entry.

■ However, we note that absent or untimely findings have long been a chronic appellate issue, requiring the above evaluation regarding reversal to be repeated in case after case. While the State as prevailing party has the primary obligation of presenting findings which accurately reflect the trial court's oral ruling, we also believe that the rule imposes upon the trial court some responsibility in ensuring that the record is complete.[2] At sentencing, the trial court should ensure that the findings are entered, or that — at the least — a hearing is set to resolve the findings soon thereafter. With the parties and the court working in concert to ensure that findings are properly entered, we can hope that our overworked court system will operate more efficiently in the future.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

---

[2]Our belief is harmonious with the language of the rule:

In a case tried without a jury, *the court shall* enter findings of fact and conclusions of law. In giving the decision, the facts found and the conclusions of law shall be separately stated. The court shall enter such findings of fact and conclusions of law only upon 5 days' notice of presentation to the parties.

CrR 6.1(d) (emphasis added).

COLEMAN and AGID, JJ., concur.

Review denied at 129 Wn.2d 1016 (1996).