964 P.2d 1187 (1998)
136 Wash.2d 619
STATE of Washington, Respondent,
v.
Stephen L. HEAD, Petitioner.
No. 65927-3.
Supreme Court of Washington, En Banc.
Argued June 10, 1998.
Decided October 8, 1998.
*1188 Eleanor M. Courto, Longview, Carney, Badley, Smith & Spellman, James E. Lobsenz, Seattle, for petitioner.
James Stonier, Cowlitz Prosecuting Attorney, Kelso, Junker & Thompson, Lindsay T. Thompson, Seattle, for respondent.
MADSEN, Justice.
Petitioner challenges the sufficiency of the evidence supporting his conviction for eight counts of first degree theft. He also maintains that the absence of written findings of fact and conclusions of law following his bench trial requires reversal, or, alternatively, remand for entry of findings and conclusions. We agree that remand is required, and do not reach the merits of petitioner's challenge to the sufficiency of the evidence.

FACTS
In light of our legal analysis, only a brief overview of the facts is provided. Petitioner Stephen Head was an owner and officer of RBH2S, Inc., a company which managed logging of timberland. RBH2S entered agreements with the owners of the timberland whereby the company would collect and distribute the money received from the sale of harvested forest products. Some of the contracts authorized RBH2S to pay its management fee from amounts collected. RBH2S bookkeepers testified that the owners' shares of funds collected from timber mills were placed in trust accounts, and that Head transferred money from these accounts to pay RBH2S's bills and to pay other clients for previously logged timber. RBH2S declared bankruptcy in 1991. At that time, there was a deficit in the trust accounts of about $230,000. Head told the bankruptcy trustee that he had been using funds from the trust accounts to pay immediate obligations, that he was "robbing Peter to pay Paul." Verbatim Report of Proceedings (RP) at 406.
Head was charged with nine counts of first degree theft. Each count involved a separate landowner whose funds Head allegedly appropriated for corporate or personal use. Following a bench trial, the trial court issued an oral decision finding Head guilty of eight of the counts, and entered a judgment and sentence accordingly. The court did not enter written findings of fact and conclusions of law.
Head appealed, arguing that the evidence was insufficient to convict him, and that the absence of written findings and conclusions requires reversal. The Court of Appeals affirmed. We granted discretionary review, and remand for entry of written findings and conclusions.

ANALYSIS
CrR 6.1(d) requires entry of written findings of fact and conclusions of law at the conclusion of a bench trial.[1] The purpose of CrR 6.1(d)'s requirement of written findings of fact and conclusions of law is to enable an *1189 appellate court to review the questions raised on appeal. See City of Bremerton v. Fisk, 4 Wash.App. 961, 962, 486 P.2d 294 (1971), disapproved on other grounds by State v. Souza, 60 Wash.App. 534, 805 P.2d 237 (1991); cf. State v. McGary, 37 Wash.App. 856, 861, 683 P.2d 1125 (1984) (JuCR 7.11); State v. Stock, 44 Wash.App. 467, 477, 722 P.2d 1330 (1986) (CrR 3.6). As the Court of Appeals acknowledged and the parties agree, the trial court failed to comply with the rule. Defendant contends that as a result, his conviction should be reversed. Alternatively, he urges that this case should be remanded for entry of findings and conclusions. The State argues, to the contrary, that the trial court's oral decision is comprehensive and satisfies the purposes of CrR 6.1(d); thus, error in failing to enter written findings and conclusions is harmless and Defendant's conviction should be upheld.
Remand for entry of written findings and conclusions is the proper course. A trial court's oral opinion and memorandum opinion are no more than oral expressions of the court's informal opinion at the time rendered. State v. Mallory, 69 Wash.2d 532, 533, 419 P.2d 324 (1966). An oral opinion "has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment." Id. at 533-34, 419 P.2d 324; accord State v. Dailey, 93 Wash.2d 454, 458-59, 610 P.2d 357 (1980).
Moreover, appellate review is facilitated by written findings and conclusions. A prosecuting attorney required to prepare findings and conclusions will necessarily need to focus attention on the evidence supporting each element of the charged crime, as will the trial court. That focus will simplify and expedite appellate review. This case demonstrates the need for that focus. The eight counts here involve eight separate agreements (which are not identical), and different factual circumstances which may affect the determination as to each element of each of the alleged offenses. Yet the trial court's oral decision does not sufficiently address each count separately, and it does not adequately identify the evidence relied upon to support each element of each count. It fails to "`treat with the elements of the crime[s] separately, indicating the factual basis for each of'" its conclusions of law. State v. Wilks, 70 Wash.2d 626, 628, 424 P.2d 663 (1967) (quoting State v. Russell, 68 Wash.2d 748, 750, 415 P.2d 503 (1966)). If CrR 6.1(d) had been satisfied, an adequate basis for appellate review might have been the result.
Written findings and conclusions also enable an appealing defendant to focus on issues arguably supported by the record and avoid pursuing issues obviously lacking merit. By the same token, adequate findings and conclusions may in some circumstances support dismissal on a motion on the merits, thus expediting disposition of meritless appeals.
Decisions by the Court of Appeals point up the need for a consistent, uniform approach.[2]
*1190 The rule itself provides the basis for the needed consistency by mandating entry of written findings and conclusions. Our cases, too, direct compliance with the requirement. Although we have not visited this precise issue recently, we have frequently held that the failure to enter written findings and conclusions following a criminal bench trial requires remand for entry of findings and conclusions, and we have refused to address issues raised on appeal in the absence of such findings and conclusions. E.g., State v. Wilks, 70 Wash.2d 626, 424 P.2d 663; State v. Wood, 68 Wash.2d 303, 412 P.2d 779 (1966); State v. Russell, 68 Wash.2d 748, 415 P.2d 503 (1966); State v. Marchand, 62 Wash.2d 767, 384 P.2d 865 (1963); State v. Helsel, 61 Wash.2d 81, 377 P.2d 408 (1962); City of Seattle v. Silverman, 35 Wash.2d 574, 214 P.2d 180 (1950).
We hold that the failure to enter written findings of fact and conclusions of law as required by CrR 6.1(d) requires remand for entry of written findings and conclusions. An appellate court should not have to comb an oral ruling to determine whether appropriate "findings" have been made, nor should a defendant be forced to interpret an oral ruling in order to appeal his or her conviction.
We note the possibility that reversal may be appropriate where a defendant can show actual prejudice resulting from the absence of findings and conclusions or following remand for entry of the same. For example, a defendant might be able to show prejudice resulting from the lack of written findings and conclusions where there is strong indication that findings ultimately entered have been "tailored" to meet issues raised on appeal.[3] The burden of proving any such prejudice will be on the defendant. Cf. State v. Royal, 122 Wash.2d 413, 423, 858 P.2d 259 (1993) (burden of proving prejudice resulting from late entry of written findings and conclusions on defendant; concerning JuCr 7.11(d)).
We will not infer prejudice, however, from delay in entry of written findings of fact and conclusions of law. In this case, petitioner has not established actual prejudice resulting from the absence of findings and conclusions, and accordingly remand for entry of written findings of fact and conclusions of law is the proper course.
However, no additional evidence may be taken; the findings and conclusions are to be based on the evidence already taken. See State v. Alvarez, 128 Wash.2d 1, 20-21, 904 P.2d 754 (1995) (double jeopardy principles prohibit second trial for purpose of affording the prosecution the opportunity to supply evidence which it failed to muster in the first proceeding; this rule is not violated where remand is solely for entry of additional findings and conclusions required by JuCR 7.11 provided that the taking of new evidence is prohibited); State v. Souza, 60 Wash.App. 534, 805 P.2d 237 (1991).[4] The trial court is not bound by its earlier oral decision. It is free to determine that, despite its earlier ruling, a conviction on any or all of the eight counts is not appropriate after specifically addressing the evidence relating to each of the elements of first degree theft with respect to each of the eight counts. (Double *1191 jeopardy principles bar reconsideration of the count on which petitioner was acquitted.)
The judgment and sentence are vacated and this case is remanded for entry of findings and conclusions in accord with CrR 6.1(d), and a judgment based on the findings and conclusions shall be entered from which either party may appeal as in the usual course of things. See Wilks, 70 Wash.2d at 629, 424 P.2d 663; Russell, 68 Wash.2d at 756, 415 P.2d 503.
DURHAM, C.J., DOLLIVER, SMITH, GUY, ALEXANDER, TALMADGE, JJ., concur.
SANDERS, Justice (dissenting).
The majority is correct that CrR 6.1(d) requires entry of written findings of fact and conclusions of law at the conclusion of a bench trial. However, since the failure to enter written findings and conclusions has in this case resulted in unnecessary delay contrary to the text of Washington Constitution article I, section 10, I must dissent from the majority's decision to remand this case rather than simply reverse the conviction.
I agree in some cases remand may be appropriate. However, failure to comply with CrR 6.1(d) does not automatically result in remand: it is first necessary to consider whether the passage of time since trial has prejudiced the accused or whether violation of the rule causes a gross appearance of unfairness. Cf., e.g., State v. Harp, 13 Wash.App. 273, 275, 534 P.2d 846 (1975) (finding that delay of criminal trial violates article I, section 10, if there is prejudice to accused); State v. McCrorey, 70 Wash.App. 103, 116, 851 P.2d 1234 (1993) ("The total disregard for procedure in this case [where trial court did not provide written findings and conclusions required by JuCR 7.11(d)] creates an appearance of unfairness that compels dismissal"). Under CR 6.1(d) the issues of delay and appearance of unfairness are intertwined. The majority directs entry of written findings and conclusions on remand after this appeal; however the majority's solution (to remand to "cure" the unfairness) results in yet greater unfairness and delay. Cf. State v. Witherspoon, 60 Wash.App. 569, 572, 805 P.2d 248 (1991) (dismissing charges and refusing to remand following failure to enter written findings and conclusions in violation of JuCR 7.11(d) because "the practice of permitting findings to be entered after the appellant has framed the issues in his brief has an appearance of unfairness" and delay caused by remand would be prejudicial).
The majority simply assumes delay per se is not prejudicial, but in the case before us more than six years have elapsed since the Defendant's trial on June 26, 1992 (Clerk's Papers at 94) and a time lapse of this magnitude warrants further inquiry as to prejudice.
Washington Constitution article I, section 22, explicitly protects the right of appeal in all criminal cases, see State v. Tomal, 133 Wash.2d 985, 988, 948 P.2d 833 (1997), whereas article I, section 10, mandates that "[j]ustice in all cases shall be administered openly, and without unnecessary delay." (Emphasis added.) When read together, article I, section 22, and article I, section 10, guarantee each Defendant the right to an appeal which is disposed of without unnecessary delay. The constitutional text thereby expressly provides delay in and of itself is a constitutional evil against which we must guard: criminal justice must be prompt and not unnecessarily protracted.[1]Cf. State v. Williams, 85 Wash.2d 29, 32, 530 P.2d 225 (1975), holding superseded by statute as stated in City of Kennewick v. Vandergriff, 109 Wash.2d 99, 101, 743 P.2d 811 (1987). Nor is excessive delay excused merely because a case is on appeal. State v. Smith, 68 Wash.App. 201, 209, 842 P.2d 494 (1992).
In the case before us the source of the excessive delay was the failure of the State to fulfill its obligations, since the responsibility for ensuring that findings of fact and conclusions of law are accurately recorded lies primarily with the prevailing party. See State v. Vailencour, 81 Wash.App. 372, 378, 914 *1192 P.2d 767 (1996); State v. Portomene, 79 Wash.App. 863, 865, 905 P.2d 1234, review denied, 129 Wash.2d 1016, 917 P.2d 576 (1996); Peoples Nat'l Bank v. Birney's Enters. Inc., 54 Wash.App. 668, 670, 775 P.2d 466 (1989).
How much time must pass before the delay is prejudicial? It has been held that a delay of almost three years before a final opinion could be entered on appeal was an "unnecessary delay" which violated article I, section 10. Smith, 68 Wash.App. at 209, 842 P.2d 494. Here, more than six years have passed since the Defendant's trial. Such a long delay is "unnecessary" because no satisfactory reason has been advanced to justify it. Quite the contrary, the majority concedes it results from reversible error.
The necessity for speedy justice dates at least as far back as the Magna Charta of 1215, which at section 40 mandates, "To no one will we sell, to no one will we deny or delay right or justice." The principle that justice should be prompt has been incorporated into the legal tradition of this country and has been enshrined in the constitutions of many states. See, e.g., Colorado Constitution, Art. II, § 6 ("justice should be administered without sale, denial or delay"); Indiana Constitution, Art. I, § 12 ("[j]ustice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay"); Oregon Constitution, Art. I, § 10 ("justice shall be administered, openly and without purchase, completely and without delay"). The founding fathers of our State were also concerned that justice should be prompt, as expressed in the plain language of article I, section 10, of the Washington Constitution, which to this day retains its original language. See Journal of Washington State Constitutional Convention, 1889, at 499 (Beverly P. Rosenow ed., 1962). The raison d'etre behind the historical and widespread constitutional prohibition against unnecessary delay in the administration of justice is the right of the accused to dispose of pending charges so as to avoid the disruption, uncertainty, and emotional torment which surely must accompany life under the Sword of Damocles.[2]
The majority's decision to remand means that if the trial court again convicts the accused, properly supported by written findings, and the defendant subsequently exercises his right to appeal from that new judgment of conviction, it will certainly be another year or more before the matter is finally put to rest. I posit a lapse of seven or eight years is "unnecessary delay" and is prejudicial for the same reason that article I, section 10, condemns delay in and of itself. I would therefore dismiss the charges with prejudice because this delay is prejudicial.
NOTES
[1] CrR 6.1(d), the rule dealing with trials without jury, states:

In a case tried without a jury, the court shall enter findings of fact and conclusions of law. In giving the decision, the facts found and the conclusions of law shall be separately stated. The court shall enter such findings of fact and conclusions of law only upon 5 days' notice of presentation to the parties.
[2] There is considerable inconsistency in decisions of the Court of Appeals. For example, in a case relied upon by petitioner, Division Three held that reversal is required where there is a complete absence of any written findings of fact and conclusions of law required by JuCR 7.11(d). E.g., State v. Naranjo, 83 Wash.App. 300, 921 P.2d 588 (1996). The court in Naranjo distinguished between inadequate findings, which it reasoned could be remedied by remand for entry of additional findings, and a complete lack of findings. The court reasoned that an appearance of unfairness was created by noncompliance with the rule, and that remanding for entry of findings after an appeal had been briefed is inherently prejudicial. Id. at 302, 921 P.2d 588.

In other cases, the appellate court has held that there is a strong presumption that dismissal is required. State v. Cruz, 88 Wash.App. 905, 909, 946 P.2d 1229 (1997) (Div. I) (suppression hearing); State v. Smith, 68 Wash.App. 201, 842 P.2d 494 (1992) (Div. I) (same). Some cases direct remand for entry of findings and conclusions, expressly rejecting reversal as a remedy. E.g., State v. Jones, 34 Wash.App. 848, 664 P.2d 12 (1983) (Div. I). Others direct remand with little discussion of remedy. City of Bremerton v. Fisk, 4 Wash.App. 961, 486 P.2d 294 (1971) (Div. II), disapproved on other grounds by State v. Souza, 60 Wash.App. 534, 805 P.2d 237 (1991); State v. Denison, 78 Wash.App. 566, 897 P.2d 437 (1995) (Div. III).
In some cases, Division One has required that there be actual prejudice before reversal is required. State v. Portomene, 79 Wash.App. 863, 905 P.2d 1234 (1995) (involving late entry of findings and conclusions after defendant appealed); State v. McGary, 37 Wash.App. 856, 683 P.2d 1125 (1984) (same). However, Division One has also concluded that although prejudice is required before reversal, a complete disregard for a rule requiring written findings and conclusions nevertheless requires reversal because the disregard for procedure creates an appearance of unfairness. State v. McCrorey, 70 Wash.App. 103, 851 P.2d 1234 (1993) (Div. I). Division Two has also reversed where it found obvious prejudice because the practice of permitting entry of findings after remand has an appearance of unfairness. However, the court added that "perhaps more important," the defendant had been in custody since filing the notice of appeal and could not be afforded the same relief following remand, given the possibility of a new appeal and the time it would require for additional briefing. State v. Witherspoon, 60 Wash.App. 569, 572, 805 P.2d 248 (1991) (Div. II).
[3] This kind of prejudice could be shown only, of course, after remand and the entry of findings.
[4] In State v. Wilks, 70 Wash.2d 626, 629, 424 P.2d 663 (1967), the court directed that additional evidence could be taken on remand. That direction is sound with regard to the issue of competency raised in that case, where an adequate hearing on defendant's competency to stand trial had not been held. However, to the extent that the case suggests that taking of new evidence is generally permissible upon remand for entry of written findings and conclusions following a criminal bench trial, it is disapproved.
[1] We see this proposition at work in CrR 3.3 which provides for a prompt criminal trial, failing which the criminal charges against the defendant are dismissed with prejudice. CrR 3.3(c), (i).
[2] This phrase originates in Greek mythology which tells of a sword suspended by a single hair over the head of Damocles while he was seated at a sumptuous banquet. The Sword of Damocles has come to represent impending disaster.