FILED

APR 25, 2013

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30236-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ELUTERIO MORFIN-CAMACHO, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — A stolen potato truck burst through the side of a warehouse and left the scene without providing the information required of a driver involved in an accident. We conclude the evidence supported the hit and run and other associated convictions.

## FACTS

The bizarre events of the early hours of May 22, 2011, allegedly had their genesis in a motel parking lot. Mr. Eluterio Morfin-Camacho was assisting his girl friend in moving from one Pasco motel to another when he encountered two strangers in the

parking lot of the Motel 6 shortly after midnight. They invited him to "party" with them and, after the group drove to the Airport Motel[1] in two vehicles, he got into their car.

After driving away from the hotel, one of the men pointed an automatic pistol at Mr. Morfin-Camacho and ordered him to remove all of his clothing and jewelry. He complied with the command. The car stopped and he was ordered out. Fearing that he would be shot, Mr. Morfin-Camacho fled to a nearby warehouse while the two men drove back toward the Airport Motel. Finding a partially opened roll-up door, he entered and discovered a potato transport truck and a pair of overalls, but no telephone. While dressing in the overalls, he heard another vehicle outside. He jumped into the truck, started it up, and drove out through the door without attempting to open it. The door was destroyed and the truck sustained damages in excess of $1,200.

Mr. Morfin-Camacho drove the truck away from the scene and stopped at the Airport Motel. The manager refused to allow him to use the telephone and ordered him to remove the truck from the parking lot. Mr. Morfin-Camacho moved it to a nearby gas station and returned to the motel. He borrowed a phone from a stranger and used it to call another friend rather than the police. He later admitted that he knew he was only about a mile away from the police station, but he made no effort to contact them.

---

[1] The Airport Motel was the destination to which his girl friend was moving.

2

The motel manager anonymously called the police. They responded and found Mr. Morfin-Camacho. The officers described him as excited, smelling of intoxicants, and appearing to have mood swings. He was barefooted and dressed solely in the overalls; he still had the keys to the truck. He showed officers the warehouse where he had obtained the potato truck.

The prosecutor filed charges of second degree burglary, second degree taking a motor vehicle, second degree malicious mischief, and failure to remain at the scene of an accident. The case eventually proceeded to bench trial. The case was defended on the basis of necessity. The trial judge found that Mr. Morfin-Camacho was not a credible witness, but nonetheless he acquitted him on the burglary count. The court found him guilty on the three remaining charges.

The court imposed concurrent terms of 90 days' incarceration for the three offenses. Mr. Morfin-Camacho then timely appealed to this court.

ANALYSIS

This appeal challenges the adequacy of the charging document, the sufficiency of the evidence supporting the three convictions, and the performance of defense counsel for pursuing a necessity defense instead of a duress defense.[2] We will address the issues in that order.

---

[2] Appellant also argues that the CrR 6.1 findings are inadequate, primarily as they fail to address the mental states at issue. In light of the defense at trial, which admitted

3

*Charging Document*

Mr. Morfin-Camacho initially argues that the misdemeanor hit-and-run charge was not adequately stated in the charging document. He did not raise this claim in the trial court. We agree that the charging document is deficient.

Settled principles govern review of this claim. A charging document must state the elements of the alleged crime in order to give the accused an understanding of the crime charged. "All essential elements of a crime, statutory or otherwise, must be included in a charging document in order to afford notice to an accused of the nature and cause of the accusation against him." *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). When challenged for the first time after a verdict has been returned, courts will liberally construe the document to see if the necessary facts can be found. If not, the charge will be dismissed without prejudice. Even if the charge is stated, a defendant who shows prejudice from "inartful" pleading also receives a dismissal of charges without prejudice. *Id.* at 105-06.

Mr. Morfin-Camacho did not challenge the charging document until this appeal. Thus, the liberal construction standard applies here. *Id.* RCW 46.52.010(2) governs the circumstance of an accident resulting in property damage, while RCW 46.52.010(1)

the charges but claimed justification, we do not see that the findings prejudiced the appeal, so there is no need to remand for a more thorough explanation. *State v. Head*, 136 Wn.2d 619, 624-25, 964 P.2d 1187 (1998).

4

No. 30236-9-III
State v. Morfin-Camacho

defines an operator's duties when striking an unattended vehicle.[3] The duties set forth in

RCW 46.52.010(2) are:

> The driver of any vehicle involved in an accident resulting only in damage
> to property fixed or placed upon or adjacent to any public highway shall
> take reasonable steps to locate and notify the owner or person in charge of
> such property of such fact and of the name and address of the operator and
> owner of the vehicle striking such property, or shall leave in a conspicuous
> place upon the property struck a written notice, giving the name and
> address of the operator and of the owner of the vehicle so striking the
> property, and such person shall further make report of such accident as in
> the case of other accidents upon the public highways of this state.

The final charging document filed in this case alleged in count I that

> the said Eluterio Camacho in the County of Franklin, State of Washington,
> on or about March 22, 2011, then and there, while driving a motor vehicle,
> with knowledge that an accident occurred, was involved in an accident
> resulting in property damage to an unattended vehicle or other property,
> failed to immediately stop his vehicle at the scene of the accident or as
> close thereto as possible, and locate or attempt to locate, and notify the
> operator or owner or person in charge of the damaged property of his name
> and address, or failed to leave in a conspicuous place upon the damaged
> property a written notice containing his name and address.

Clerk's Papers at 28.

The statute requires a driver involved in an accident that causes damage to

property adjacent to a public highway to (1) take reasonable steps to notify the property

owner or to leave a note with his identifying information, and (2) to make a report of the

accident. The charging document, however, does not mention the reporting requirement.

---

[3] Prior to amendment by Laws of 2003, ch. 53, § 241, the statute treated
unattended vehicles and other property the same for purposes of this statute.

5

Even giving the charging document the liberal construction required by the belated challenge, it is deficient on the accident reporting element. A driver's duties are two-fold after an accident—notify the property owner (by one of two methods) and file an accident report. The charging document here does not state that second duty and there is no way to infer that element from the other charging language.[4] It did not adequately notify Mr. Morfin-Camacho of all of the elements of the offense.

Accordingly, the charge of failure to stop in count I is reversed without prejudice.

*Sufficiency of the Evidence*

Mr. Morfin-Camacho challenges the sufficiency of the evidence to support all three convictions, arguing that the State failed to prove that he had not properly reported the accident and that his actions were justified, thus negating the mental elements of the other two counts. We disagree.

The sufficiency of the evidence to support a verdict also is reviewed according to long-settled principles. The reviewing court does not weigh the evidence or sift through competing testimony. Instead, the focus is whether there is sufficient evidence to support the determination that each element of the crime was proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2181, 61 L. Ed. 2d 560 (1979); *State v.*

---

[4] We agree with appellant that there is significant extraneous language in the charging document, which appears to have combined the requirements of RCW 46.52.020(1) and (2), but we disagree that he was prejudiced by its inclusion.

*Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Green*, 94 Wn.2d at 221-22.

*Failure to Stop.* Appellant contends that the State did not establish that the warehouse was adjacent to a public highway or that he failed in his reporting duties. The evidence did establish those elements of the crime.

As noted previously, RCW 46.52.010(2) requires the State to prove that the defendant damaged "property fixed or placed upon or adjacent to any public highway." There was evidence in the record to support this element. Officer Anthony Aceves described the location as "on 4th" and that if you traveled on 4th, "you'll run right into it." Report of Proceedings (July 13, 2011) at 14. Exhibit 2 is a photo showing the warehouse; the street is visible nearby.[5] Viewing the evidence most favorably to the prosecution, the warehouse was "adjacent" to a "public highway."

The reporting element was also established. Mr. Morfin-Camacho did not leave a note at the scene, nor did he communicate with the building owner and identify himself as the person who drove through the warehouse. He likewise did not file an accident report. Merely talking to police does not satisfy these two requirements of the statute.

---

[5] Indeed, Mr. Morfin-Camacho's justification for taking the truck and driving through the door (instead of opening it) was that he heard a vehicle right outside the warehouse. That explanation itself suggests the building was adjacent to a public highway.

Viewed in a light most favorable to the prosecution, the evidence supported the conviction.

*Taking a Motor Vehicle and Malicious Mischief.* Appellant also contends that, in light of his desperate situation, the record does not support that he acted culpably. His view of the incident ignores the standards that govern this court's review.

A person commits second degree taking a motor vehicle when, without permission, he "intentionally . . . drives away any . . . motor vehicle" belonging to another person. RCW 9A.56.075(1). Second degree malicious mischief is committed when a person "knowingly and maliciously [c]auses physical damage to the property of another in an amount exceeding seven hundred fifty dollars." RCW 9A.48.080(1)(a).

Mr. Morfin-Camacho contends that he did not have the requisite mental state because he was acting to save himself rather than to take or destroy the property of another. This argument fails on two accounts. First, the trial court expressly found Mr. Morfin-Camacho was not credible and that his story made no sense.[6] This court has to defer to that finding and cannot engage in its own credibility determination. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

---

[6] Despite knowing that the robbers had driven back toward the motel where he had been abducted, Mr. Morfin-Camacho returned there and then made no effort to contact police. The trier of fact understandably did not credit the story.

Second, this argument stands appellate review on its head. We look at the evidence in the light most favorable to the prosecution. Viewed in the proper manner, the evidence easily supported the verdicts. The appellant admittedly drove off with the truck for the purpose of getting away from the warehouse. It was intentionally taken. Similarly, he knowingly drove through the warehouse door rather than attempt to open it, and the resulting damage to the door and the truck easily exceeded the $750 statutory limit. Without considering his professed reasoning for doing so, the evidence still amply supported the conviction.

The evidence was sufficient to support all three convictions.

*Effective Assistance of Counsel*

Mr. Morfin-Camacho also argues that his counsel erred by pursuing a necessity defense instead of a duress defense. This was a matter of tactics, but counsel also pursued the proper defense under the evidence. Mr. Morfin-Camacho also was not prejudiced by the choice of defenses.

As with the other issues presented in this appeal, the standards of review of a claim of ineffective assistance of counsel are well understood. The Sixth Amendment guaranty of the right to counsel requires that an attorney perform to the standards of the profession. Counsel's failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be

9

highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id.* at 690-92.

Necessity is a common law defense that excuses criminal conduct when pressure brought on "by forces of nature" leads to a criminal act that avoids a greater harm. *State v. Gallegos*, 73 Wn. App. 644, 651, 871 P.2d 621 (1994); *State v. Turner*, 42 Wn. App. 242, 247, 711 P.2d 353 (1985); *State v. Diana*, 24 Wn. App. 908, 604 P.2d 1312 (1979). In contrast, duress is a statutory defense. The legislature has provided in relevant part that duress exists when

> [t]he actor participated in the crime under compulsion by another who by threat or use of force created an apprehension in the mind of the actor that in case of refusal he or she or another would be liable to immediate death or immediate grievous bodily injury.

RCW 9A.16.060(1)(a).

Appellant argues that the necessity defense did not apply in this circumstance because it was the actions of the two robbers, not a "force of nature," that compelled his criminal actions. There is some support for this argument. *See Gallegos*, 73 Wn. App. 644 (friend's need of aid did not support necessity defense); *Diana*, 24 Wn. App. 908 (medical necessity for marijuana use because of disease). However, Division Two of this

10

court has concluded that a necessity defense is available when the defendant has been threatened with criminal violence. *State v. Niemczyk*, 31 Wn. App. 803, 644 P.2d 759 (1982) (escape from prison to avoid sexual assault). We need not resolve this split of authority here because the trial court did consider the necessity defense. It rejected the defense because the defendant's story was not credible; it did not find the defense unavailable as a matter of law.

By the plain terms of the duress statute, the defense was not available to Mr. Morfin-Camacho. Duress applies when another person coerces the defendant into committing the crime by threatened use of force if the person refuses to participate. It does not apply to crimes committed to avoid another person's threatened criminal activity. In other words, duress is a defense if one is forced by another to commit the crime in question; it is not a defense to a crime committed out of fear of injury by another. *See Turner*, 42 Wn. App. 242 (duress proper instead of necessity when defendant forced to deliver drugs to prison to avoid assaults against her husband and son); *Niemczyk*, 31 Wn. App. 803 (duress not available in escape from prison to avoid sexual assault).

Duress was not available under these facts. Defense counsel therefore was not ineffective for failing to use that defense. Moreover, even if the duress defense had been available here, counsel cannot be faulted for instead choosing to use the necessity defense since *Niemczyk* suggested it was available. Thus, this strategic decision is beyond

11

No. 30236-9-III
State v. Morfin-Camacho

challenge per *Strickland*. Finally, even if the necessity defense had been improperly presented, Mr. Morfin-Camacho cannot establish prejudice because the trial court nonetheless considered the defense.

For all of the stated reasons, appellant has not borne his burden of establishing that counsel performed deficiently.

Affirmed in part; reversed in part.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Kulik, J.

_____
Siddoway, J.

12