FILED
COURT OF APPEALS
DIVISION II

2014 SEP -9 PM 9: 22

STATE OF WASHINGTON
BY
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45245-6-II |
| Respondent, | |
| v. | |
| JOSEPH MADISON MCCLENNY, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Following a bench trial, the court found Joseph Madison McClenny guilty of possession of a controlled substance, methamphetamine. McClenny appeals his conviction arguing the trial court erred by failing to enter written findings of fact and conclusions of law. The State concedes error and agrees that the case should be remanded. We accept the State's concession and remand to the trial court for entry of written findings of facts and conclusions of law as required by law.

## FACTS

Officers arrested Joseph Madison McClenny during a routine traffic stop after dispatch confirmed a valid felony warrant for his arrest existed. Incident to his arrest, the police searched McClenny's person and found plastic baggies containing several needles and a white crystal substance, which tested positive for methamphetamine. The State charged McClenny with one count of possession of methamphetamine.

McClenny waived his rights to a jury trial and moved for suppression of evidence under CrR 3.5. The trial court conducted the CrR 3.5 hearing and bench trial in one hearing. The court denied McClenny's CrR 3.5 motion and convicted him as charged. However, the trial court did not enter written findings of fact and conclusions of law for either the trial or the confession hearing.

## ANALYSIS

The trial court is required to enter written findings of fact and conclusions of law following a bench trial. CrR 6.1(d). Additionally, it is the duty of the court in a confession hearing to record and set forth in writing "(1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor." CrR 3.5(c).

These requirements for written findings and conclusions facilitate the appellate review process. *State v. Head*, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998). A court's oral opinion "'has no formal or binding effect'" until it is formally incorporated in written findings, conclusions, and judgment. *Head*, 136 Wn.2d at 622 (quoting *State v. Mallory*, 69 Wn.2d 532, 533, 419 P.2d 324 (1966)). The trial court's failure to follow the above-cited rules is remand. *Head*, 136 Wn.2d at 623.

Because the trial court did not enter findings of fact and conclusions of law after either the bench trial or the CrR 3.5 hearing, we accept the State's concession and remand to the trial court with directions that it enter written findings of fact and conclusions of law as required.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Johanson, C.J.

Bjorgen, J.