

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 73155-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TARAILLE DUJUAN CHESNEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: February 29, 2016 |
| | ) | |

LAU, J. — Taraille Chesney appeals his conviction on one count of cocaine possession following a stipulated facts bench trial. He contends the trial court failed to timely enter written findings of fact and conclusions of law following a CrR 3.6 hearing and a bench trial under CrR 6.1. We conclude that Chesney suffered no prejudice from the court's entry of delayed findings of fact and conclusions of law. We affirm the judgment and sentence.

## FACTS

On December 26, 2013, Taraille Chesney was charged on one count of violating the Uniform Controlled Substances Act for possession of cocaine. Before trial, the trial court granted the State's CrR 3.5 motion and denied Chesney's CrR 3.6 motion.

Chesney then waived his right to a jury trial and agreed to a bench trial on stipulated facts. The trial court found Chesney guilty as charged and sentenced him to a 6-month residential treatment-based alternative to be followed by 24 months of community custody. At sentencing, the trial court filed its written findings of fact and conclusions of law for the CrR 3.5 hearing. Chesney appealed the judgment and sentence, arguing the trial court failed to enter written findings of fact and conclusions of law after the CrR 3.6 hearing and the bench trial. The trial court submitted its written findings and conclusions under CrR 3.6 and CrR 6.1(d) while the appeal was pending.

## ANALYSIS

Chesney asks us to remand for proper entry of written findings and conclusions. We decline to grant this relief because he shows no prejudice from the trial court's delayed entry of its findings and conclusions.

Both CrR 3.6(b) and CrR 6.1(d) require the trial court to enter written findings of fact and conclusions of law. CrR 3.6(b), 6.1(d); see also, State v. Head, 136 Wn.2d 619, 621–22, 964 P.2d 1187 (1998). Typically, "the failure to enter written findings of fact and conclusions of law . . . requires remand for entry of written findings and conclusions." Head, 136 Wn.2d at 624. Because the trial court eventually entered written findings of fact and conclusions of law, remand is unnecessary here. Although the practice of submitting late findings of fact and conclusions of law is disfavored, findings and conclusions may be submitted and entered even while an appeal is pending if the defendant is not prejudiced by the belated entry of findings. State v. McGary, 37 Wn. App. 856, 861, 683 P.2d 1125 (1984). "We will not infer prejudice . . . from delay in entry of written findings of fact and conclusions of law." Head, 136 Wn.2d

at 625. Rather, "a defendant might be able to show prejudice resulting from the lack of written findings and conclusions where there is strong indication that findings ultimately entered have been 'tailored' to meet issues raised on appeal." Head, 136 Wn.2d at 624–25.

Chesney has failed to show any prejudice here. He never argues that the trial court's untimely findings were tailored to address issues on appeal. Further, we note that the language of the trial court's findings is consistent with its oral rulings following both the CrR 3.6 hearing and the bench trial under CrR 6.1. See State v. Cannon, 130 Wn.2d 313, 329–30, 922 P.2d 1293 (1996) (finding no prejudice when late-filed findings and conclusions were consistent with the trial court's oral ruling). The trial court found Chesney guilty based on a stipulated facts trial. Under these circumstances, Chesney cannot show prejudice and is therefore not entitled to appellate relief.

In his reply brief, Chesney argues that the trial court lacked the authority to submit its untimely findings and conclusions because it never sought the permission of this court under RAP 7.2(e). RAP 7.2(e) ("If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision."). Chesney relies on State v. Friedlund, 182 Wn.2d 388, 341 P.3d 280 (2015). In Friedlund, the court held that the "entry of written findings is essential when a court imposes an exceptional sentence" and remanded for entry of written findings. Friedlund, 182 Wn.2d at 393–94. The court denied pending motions to supplement the record with the trial court's belated findings, stating that "[b]ecause the trial court failed to obtain our

-3-

permission prior to entering its written findings, entering the findings violated RAP 7.2(e)." Friedlund, 182 Wn.2d at 396.

Unlike this case, Friedlund addressed "whether an on-the-record oral ruling may substitute for written findings when a trial court imposes an exceptional sentence . . . outside the standard range for an offense." Friedlund, 182 Wn.2d at 390. The court based its conclusion on the unique policy concerns underlying the Sentencing Reform Act (SRA). For example, the court stated that "[w]ithout written findings, the Sentencing Guidelines Commission and the public at large could not readily determine the reasons behind exceptional sentences, greatly hampering the public accountability that the SRA requires." Friedlund, 182 Wn.2d at 395. Further, the court noted that permitting the parties to supplement the record with late-filed findings would deprive the defendant his right to appeal an exceptional sentence under RCW 9.94A.585(2). Friedlund is inapposite.

Finally, Chesney's appeal is arguably moot because remand would serve no purpose. See Snohomish v. State, 69 Wn. App. 655, 660, 850 P.2d 546 (1993) (An appeal is moot if the court can no longer provide effective relief). Here, the State obtained written findings and conclusions under CrR 3.6 and CrR 6.1 and properly supplemented the appellate record with those findings and conclusions. On remand, the trial court would enter the same findings and conclusions. Therefore, no effective relief is available to Chesney.

## CONCLUSION

We affirm the judgment and sentence.

WE CONCUR: