# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47491-3-II |
| Respondent, | |
| v. | |
| BRIAN NICHOLAS WEST, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — Following a bench trial, Brian West appeals his conviction and sentence for residential burglary. He argues that the trial court erred by failing to enter written findings of fact and conclusions of law following the bench trial, as required by CrR 6.1(d), and the sentencing court failed to consider his current and future ability to pay before imposing discretionary legal financial obligations (LFOs). In a statement of additional grounds (SAG) for review, West also contends that the sentencing court improperly sentenced him to community custody.[1] We agree that the trial court erred by not entering written findings and consequently vacate the judgment and sentence and remand the case for entry of written findings and conclusions and for resentencing.

---

[1] In a supplemental brief, West also seeks waiver of appellate costs. But because we remand for entry of written findings and conclusions, the State is not entitled to costs.

FACTS

The State charged West with a single count of residential burglary. West waived his right to a jury trial and the case was tried by bench trial. The court ultimately found West guilty as charged.

The sentencing court imposed a 20-month high end sentence plus 12 additional months of community custody. Without inquiring into West's current or future ability to pay, the sentencing court imposed various discretionary LFOs (legal financial obligations). The judgment and sentence included the following boilerplate language in section 2.5:

> Legal Financial Obligations/Restitution. The court has considered the total amount owing, the defendant's present and future ability to pay the legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160)

Clerk's Papers at 8.

The record does not contain any written findings of fact or conclusions of law from the bench trial.

ANALYSIS

I. FAILURE TO ENTER WRITTEN FINDINGS AND CONCLUSIONS

West argues, and the State concedes that the trial court erred by failing to enter written findings of fact and conclusions of law following the bench trial. We accept the State's concession and remand for entry of written findings and conclusions.

The trial court is required to enter written findings of fact and conclusions of law following a bench trial. CrR 6.1(d). Written findings and conclusions facilitate the appellate review process. *State v. Head*, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998). A court's oral opinion "'has no final or binding effect'" until it is formally incorporated in written findings,

conclusions, and judgment. *Head*, 136 Wn.2d at 622 (quoting *State v. Mallory*, 69 Wn.2d 532, 533, 419 P.2d 324 (1966)). The appropriate remedy is to vacate the judgment and sentence and remand to the trial court for entry of written findings and conclusions. *Head*, 136 Wn.2d at 624.

Because the trial court did not enter written findings of fact and conclusions of law after the bench trial, as required by CrR 6.1, we accept the State's concession, vacate the judgment and sentence, and remand this case to the trial court with directions that it enter written findings of fact and conclusions of law as required.

## II. LEGAL FINANCIAL OBLIGATIONS

West also argues that the sentencing court erred in failing to inquire into his current or future ability to pay before ordering him to pay discretionary LFOs.

Our Supreme Court has made clear that under RCW 10.01.160(3), the sentencing court "must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry." *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). The record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Blazina*, 182 Wn.2d at 838.

Here, the record shows that the sentencing court did not make any such inquiry. Because we vacate the judgment and sentence and remand for entry of written findings and conclusions, this issue is now moot. However, we respectfully remind the sentencing court of its duty to engage in an individualized inquiry into West's ability to pay before imposing discretionary LFOs.

No. 47491-3-II

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his SAG, West contends that because the sentencing court sentenced him "to the maximum range" the court did not have the authority to impose community custody. SAG 1. Although this issue is now moot, we address West's pro se argument in the interests of justice.

A sentencing court cannot impose a standard range sentence of confinement and community custody that when combined exceeds the offense's statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012). Here, the sentencing court sentenced West to 20 months of confinement and 12 months of community custody for a combined total of 32 months. The statutory maximum was 10 years. Consequently, the sentencing court did not impose a sentence in excess of the statutory maximum, and West's argument fails.

Because the trial court failed to enter findings of fact and conclusions of law following the bench trial, as required by CrR 6.1, we vacate the judgment and sentence and remand for the trial court to enter written findings and conclusions and to resentence West.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Johanson, J.

_____
Sutton, J.

4