# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  49888-0-II |
| Respondent, | |
| v. | |
| JOSEPH WILLIAM HANSEN, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Joseph William Hansen appeals from his jury trial conviction for hit and run (vehicle damage).  He argues that the trial court failed to file written findings of fact and conclusions of law following the admission of his statements as required under CrR 3.5(c) and that remand for entry of written findings of fact and conclusions of law is required.  We agree and remand.

### FACTS

After Hansen left the scene of an injury accident, the State charged him with hit and run (injury accident).  Before trial, Hansen moved for a CrR 3.5 hearing to determine whether the statements he made to the police were voluntary.

Following the CrR 3.5 hearing, the trial court orally ruled that several of the statements Hansen made during three separate contacts with law enforcement were admissible.  The parties

agree that the trial court did not enter written findings of fact and conclusions of law following the CrR 3.5 hearing.[1]

The jury found Hansen guilty of the lesser crime of hit and run-attended (vehicle damage). Hansen appeals.

ANALYSIS

Hansen's sole argument is that the trial court erred by failing to file the written findings of fact and conclusions of law required under CrR 3.5(c). Relying on *State v. Head*, 136 Wn.2d 619, 964 P.2d 1187 (1998), he asks that we remand this matter back to the trial court to enter written findings of fact and conclusions of law related to the CrR 3.5 hearing. The State concedes that the trial court erred by not entering the written findings of fact and conclusions of law. But the State argues that remand for entry of the written findings of fact and conclusions of law is not required because the trial court's failure to enter the findings of fact and conclusions of law is harmless in light of the court's oral ruling. We agree with Hansen that *Head* is dispositive and reject the State's argument.

CrR 3.5(c) provides,

**Duty of Court to Make a Record.** After the hearing, the court *shall* set forth in writing: (1) the undisputed facts; (2) the disputed facts; (3) conclusions as to the disputed facts; and (4) conclusion as to whether the statement is admissible and the reasons therefor.

(Emphasis added.) The entry of written findings of fact and conclusions of law is mandatory, and there is no dispute that the trial court failed to comply with this requirement.

---

[1] Additionally, neither party has advised us that the trial court filed any written findings of fact and conclusions of law while this appeal was pending.

In *Head*, the trial court failed to enter written findings of fact and conclusions of law as required under a similar court rule, CrR 6.1(d), which requires the trial court to enter findings of fact and conclusions of law following bench trials. 136 Wn.2d at 621-22. Our Supreme Court held that the findings of fact and conclusions of law were mandatory and remanded for entry of the findings of fact and conclusions of law. *Head*, 136 Wn.2d at 622. The court emphasized that a trial court's oral decision is merely an "oral expression[ ] of the court's informal opinion at the time rendered" and is not final or binding and that written findings of fact and conclusions of law facilitate and focus appellate review. *Head*, 136 Wn.2d at 622. The court further stated, "An appellate court should not have to comb an oral ruling to determine whether appropriate 'findings' have been made, nor should a defendant be forced to interpret an oral ruling in order to appeal his or her conviction."[2] *Head*, 136 Wn.2d at 624.

Although the State asserts that the trial court's oral ruling was sufficient to allow for review, to determine this we would not only have to "comb [the] oral ruling to determine" if the trial court's findings of fact were appropriate, we would have to put ourselves in Hansen's shoes and anticipate the issues he might have chosen to raise. *Head*, 136 Wn.2d at 624. Under *Head*, this is clearly not required. Additionally, we agree with the *Head* court's conclusion that an appellant should not be "forced to interpret an oral ruling in order to appeal." 136 Wn.2d at 624. Accordingly, we

---

[2] The *Head* court also "note[d]" that reversal might be an appropriate remedy if the appellant could show actual prejudice from the failure to enter the written findings of fact. 136 Wn.2d at 624-25. But the court stated that the appellant had the burden to establish prejudice and that the court would not infer prejudice based on the delay in entering the written findings of fact and conclusions of law. *Head*, 136 Wn.2d at 624-25. Apparently conceding that he cannot show actual prejudice due to the trial court's failure to enter the written findings of fact and conclusions of law, Hansen does not request reversal.

No. 49888-0-II

remand this matter for the entry of findings of fact and conclusions of law under CrR 3.5(c). Once

the findings of fact and conclusions of law are entered, Hansen can appeal from those findings of

fact and conclusions of law.[3]

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

---

[3] The State cites *State v. Thompson*, 73 Wn. App. 122, 130, 867 P.2d 691 (1994), *State v. Riley*, 69 Wn. App. 349, 352-53, 848 P.2d 1288 (1993); *State v. Clark*, 46 Wn. App. 856, 859, 732 P.2d 1029 (1987), and *State v. Haynes*, 16 Wn. App. 778, 559 P.2d 583 (1977), to support its argument that the error in failing to enter the findings of fact and conclusions of law is harmless as long as the oral findings allow for appellate review. These cases can all be distinguished. First, in *Thompson*, the appellant raised specific challenges to the trial court's decision and the appellate court was not required to anticipate any issues. 73 Wn. App. at 130. Additionally, the trial court entered the findings of fact and conclusions of law during the appeal process. *Thompson*, 73 Wn. App. at 130. Second, in *Riley*, the appellate court addressed only whether the trial court had committed "reversible error in failing to enter findings of fact and conclusions of law concerning its denial of Riley's motions to suppress," not whether remand for entry of findings of fact and conclusions of law would be appropriate. 69 Wn. App. at 352. And third, both *Clark* and *Haynes* were issued before *Head*.

4