**FILED**
**DECEMBER 18, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35777-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| K.D.M., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — K.M. challenges his 2017 Benton County Juvenile Court adjudication of felony harassment of a criminal justice participant. To support the charge, the State had to prove beyond a reasonable doubt that K.M. knowingly threatened to cause bodily injury to a juvenile detention staff member and the staff member reasonably feared that K.M. would fulfill the threat. RCW 9A.46.020(1)(a)(i), (b); RCW 9A.46.020(2)(b)(iii). K.M. contends the trial court failed to enter findings or conclusions regarding whether he knew he communicated a threat. The State concedes error. We also agree, vacate the judgment and sentence, and remand for entry of findings of fact and conclusions of law on the knowledge element of the crime.

FACTS

On August 21, 2017, 17-year-old K.M. rested in custody at the Benton Franklin Juvenile Justice Center. Kirk (Andy) Wellington worked security at the Center. K.M.

who had a history of disobedience, acted defiant toward staff in the recreation area that day. Wellington told him to return to his room. In response, K.M. sat and began using the telephone. Wellington directed K.M. to stop using the telephone and to go to his room. K.M. grew angry, stood, and uttered several statements, including "'Try your luck Andy.'" "'Don't even go there.'" "'Do you want to go to the dark side, Andy?'" "'Let's go, Andy.'" Clerk's Papers at 44; Report of Proceedings (RP) at 12-13.

According to Andy Wellington, K.M., when rendering the comments, stood ten feet away, appeared to be approaching with his arms at his sides, and "squinted" in a confrontational posture. RP at 14. Wellington called for assistance, and two other staff members arrived. The trio of staff took K.M. to the floor and handcuffed him.

PROCEDURE

The State of Washington charged K.M. in juvenile court with harassment of a criminal justice participant, RCW 9A.46.020(1)(a)(i), (b); RCW 9A.46.020(2)(b)(iii). At trial, the prosecution presented staff witness testimony and argued that, in the context of K.M.'s history of disobedience, Andy Wellington felt threatened by K.M.'s statements. Defense counsel presented no witness testimony and argued that K.M.'s statements merely indicated a long history of a bad attitude, rather than specific threats.

The juvenile court found that K.M.'s statements constituted a general threat of physical confrontation with Andy Wellington and that Wellington had a reasonable fear that K.M. would execute the threat. Consequently, the court concluded that the State

2

proved each element of the charge beyond a reasonable doubt. The juvenile court

sentenced K.M. with fifteen to thirty-six months.

## DISCUSSION

On appeal, K.M. challenges the sufficiency of evidence to convict him of

harassment of a criminal justice participant. In particular, he contends that the evidence

does not support a finding that he knew his comments constituted a threat. He

emphasizes the lack of a finding of fact on this element of the crime.

To determine whether sufficient evidence supports a conviction, we view the

evidence in the light most favorable to the State and ask whether any rational trier of fact

could have found the essential elements of the charged crime beyond a reasonable doubt.

*State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). With a bench trial, we

determine whether substantial evidence supports the findings of fact and whether those

findings support the conclusions of law. *State v. Homan*, 181 Wn.2d at 105-06.

"Substantial evidence" is that quantum sufficient to persuade a fair-minded person of the

truth of the asserted premise. *State v. Homan*, 181 Wn.2d at 106. We review the trial

courts conclusions of law de novo. *State v. Homan*, 181 Wn.2d at 106.

RCW 9A.46.020 defines the crime of harassment of a criminal justice participant:

> (1) A person is guilty of harassment if:
> (a) Without lawful authority, the person knowingly threatens:
> (i) To cause bodily injury immediately or in the future to the person
> threatened or to any other person;
> . . . and

3

(A) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.
. . . .
(2)(b)  A person who harasses another is guilty of a class C felony if any of the following apply:
. . . .
(i)  the person harasses a criminal justice participant who is performing his or her official duties at the time the threat is made[.]

The essential mental element of harassment requires proof that the defendant "knowingly" threatens another. *State v. Kilburn*, 151 Wn.2d 36, 48, 84 P.3d 1215 (2004). The defendant must subjectively know that he or she is communicating a threat, and must know that the communication he or she imparts directly or indirectly is a threat of intent to cause bodily injury to the person threatened or to another person. *State v. J.M.*, 144 Wn.2d 472, 481, 28 P.3d 720 (2001).

Under JuCR 7.11(d), the trial court shall enter written findings and conclusions that "state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision."  K.M.'s juvenile court failed to enter findings of fact or conclusions of law regarding the element of a knowing threat.

A trial court's failure to satisfy the requirements of JuCR 7.11(d) requires remand for entry of findings of fact and conclusions of law regarding the ultimate facts. *State v. Avila*, 102 Wn. App. 882, 896, 10 P.3d 486 (2000).  Because some facts might support a finding that K.M. knowingly threatened Andy Wellington, the adjudicatory court may on remand revise the findings and conclusions without taking additional evidence. *State v.*

4

*Head*, 136 Wn.2d 619, 625, 964 P.2d 1187 (1998); *State v. Avila*, 102 Wn. App. at 897. The court is not bound by its earlier decision when it enters the revised findings and conclusions, and the parties may appeal from the new judgment. *State v. Head*, 136 Wn.2d at 625-26.

Vacated and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, C.J.