# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51748-5-II |
| Respondent, | |
| v. | |
| DONALD WILLIAM KINGSLEY, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Donald W. Kingsley appeals his conviction and sentence for one count of child molestation in the first degree, aggravated by Kingsley using his position of trust to facilitate the commission of the crime. Because the record shows that the trial court failed to enter written findings of fact and conclusions of law after Kingsley's bench trial, we vacate the judgment and sentence, and remand for entry of findings of fact and conclusions of law supporting the trial court's verdict and for resentencing.

## FACTS

A.   SUMMARY OF THE CHARGES

The State charged Kingsley with one count of rape of a child in the first degree under RCW 9A.44.073 and one count of child molestation in the first degree under RCW 9A.44.083. The State also alleged that both crimes were aggravated by Kingsley using his position of trust to facilitate the commission of the crime under RCW 9.94A.535(3)(n).

Kinglsey waived his right to a jury trial, including for the aggravating factors. The trial court held a bench trial from January 22 to January 23, 2018.

B.      VERDICT AND SENTENCING

In an oral ruling, the trial court found that there was a reasonable doubt in regards to the charge of rape of a child in the first degree because all of the references that E.S.P. made to the police officer were to Kingsley's hand, not fingers and E.S.P. described Kingsley conduct as rubbing.  However, the trial court found Kingsley guilty of child molestation beyond a reasonable doubt.  The trial court appears to have failed to enter written findings of fact and conclusions of law regarding its verdict because there is no record of any such written findings of fact and conclusions of law.

However, the trial court did enter written findings of fact and conclusions of law as to the aggravating factor.  The trial court found that Kingsley was a family friend of the victim's parents for more than 10 years and often babysat their children.  As a babysitter and overnight guest, the victim's parents gave Kingsley full access to their home, including the room where the victim was sleeping. The trial court concluded that Kingsley held a position of trust with the victim's parents and that Kingsley used that position of trust to facilitate the offense of child molestation in the first degree against the victim.  Therefore, Kingsley's crime was aggravated by his use of his position of trust to facilitate the crime.

The trial court imposed an exceptional sentence of 70 months in prison.  The trial court also imposed community custody conditions and required Kingsley to pay supervision fees as determined by DOC.  In addition, the trial court ordered Kingsley to pay the following LFOs: a $500 victim assessment fee, a $200 criminal filing fee, a $100 DNA collection fee, and interest on all LFOs.  The trial court then entered an order of indigency for appeal purposes.

Kingsley appeals.

ANALYSIS

Here, there is no record that the trial court entered written findings of fact and conclusions of law after Kingsley's bench trial. CrR 6.1(d) requires the trial court to enter written findings of fact and conclusions of law at the conclusion of a bench trial. *State v. Head*, 136 Wn.2d 619, 621-22, 964 P.2d 1187 (1998). The failure to do so generally requires remand for entry of these written findings and conclusions. *Id.* at 624. Therefore, we vacate Kingsley's judgment and sentence, and remand to the trial court for entry of written findings of fact and conclusions of law and for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Cruser, J.