[No. 38013.   Department Two   October 13, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD ALLEN MALLORY *et al.*, *Appellants*.*

*Clarence H. Fidler*, for appellants.

*Nathan G. Richardson*, for respondent.

PER CURIAM.—This is an appeal by two brothers from the separate judgments and sentences entered upon their respective convictions on two counts of second-degree burglary. Each appellant waived a jury trial and the case was tried to the court. At the end of the trial, after both sides

*Reported in 419 P.2d 324.

had rested, the trial court denied a motion for dismissal on the ground of insufficiency of the evidence and rendered an oral opinion in which the trial court stated its reasons for finding appellants guilty of the charges contained in the amended information.

After argument on appellants' motion for a new trial, the trial court denied the motion and rendered a written memorandum opinion in which the trial court explained why, in its opinion, the evidence was sufficient to convict appellants of the two counts charged in the amended information.

The judgment and sentence was entered as to each appellant on November 24, 1964, finding each guilty on each count of burglary in the second degree and sentencing each appellant to confinement in the state reformatory for a maximum period of 15 years, these sentences to run concurrently. On the same day, both appellants filed a joint notice of appeal to this court from their respective sentences.

Appellants have made the following assignments of error.

(1) Count One of the information against both defendants should have been dismissed as the State failed to produce prima facie proof of a corpus delicti without which a prima facie case was not established against defendants.

(2) There was insufficient evidence to enable the court to find that the defendants were guilty beyond a reasonable doubt of Count Two of the information.

The principal arguments of appellants are phrased in terms of the insufficiency of the evidence to "make a prima facie case" (*i.e.* to support a finding as to the elements of the crimes) for which appellants were convicted.

■ Appellants, in their arguments in support of their appeal, refer to the oral opinion and the memorandum opinion of the trial court. These may be considered in interpreting the findings of fact and conclusions of law, but they cannot be considered as the basis for the trial court's judgment and sentence. A trial court's oral or memorandum opinion is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, con-

clusions, and judgment. See *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P. 2d 900 (1963); *Clifford v. State*, 20 Wn.2d 527, 148 P.2d 302 (1944).

With regard to count 1, the trial court found, upon conflicting evidence, that two burglaries had been committed at the Port Angeles Senior High School—one in September, 1960, and the other on April 11, 1962 (which was charged in count 1). Appellants contended at the trial that they had been punished as juveniles for the 1960 burglary, and that there was a failure of proof by the state of the corpus delicti of the alleged 1962 burglary of the high school.

The findings made by the trial court as to the participation of appellants in the 1962 burglary are as follows:

II. The defendant, Norman Lee Mallory, and one Glenn Romberg were involved in one of the burglaries. The High School admittedly was burglarized again in 1962, and in one of these burglaries of the High School, Norman Lee Mallory participated with James Allen, a witness for the State of Washington. The testimony indicates that both of the defendants participated in more than one burglary of the Port Angeles Senior High School. In one burglary, the accomplice was Glenn Romberg, and in the 1962 burglary, the accomplice was James Allen.

III. In the burglary of the High School in 1962, the defendant, Harold Lee Mallory, implicated himself and his brother Norman Lee Mallory and James Allen, a witness for the State of Washington.

IV. The testimony indicates to the Court that both of the defendants were involved in the burglary of April 11, 1962 of the Port Angeles Senior High School.

We have examined the record in regard to the evidence relating to count 1 and we are of the opinion that there was sufficient direct and circumstantial evidence to support the trial court's finding that the corpus delicti had been proven beyond a reasonable doubt. Also, we hold that the evidence was sufficient to establish beyond a reasonable doubt the participation of both appellants in the crime charged, as the trial court found.

With respect to count 2, which charged appellants with burglarizing the Lennon grocery store, the contention is that, since the only proof offered by the state was the

testimony of the two Allen brothers who were admitted accomplices in the commission of the alleged crime, the state failed to establish appellants' guilt beyond a reasonable doubt. It is argued that these accomplices were motivated by self-interest in testifying against appellants.

Of course, the testimony of an accomplice must be viewed with caution. There is no indication that the trial court did not so view the testimony of the Allen brothers regarding the Lennon burglary. A conviction may rest on the uncorroborated testimony of an accomplice, if the trier of the facts, exercising due caution, believes him.

The trial court entered the following findings of fact after carefully considering the evidence in the record:

V. The testimony of two accomplices in the commission of the crime charged in Count II, positively identifies both defendants of being involved in the burglary of Lennon Grocery Store on May 2, 1963. Both defendants deny any participation.

VI. There is no testimony, except the denial of the defendants, that they did not participate in the Lennon Grocery Store burglary.

We find no merit in either of appellant's two assignments of error. The trial court's findings of fact, when read in the light of its two opinions and the testimony in the record, are adequately supported by the evidence.

The judgments and sentences appealed from are hereby affirmed as to both appellants.