# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 69813-3-I
    Respondent, )
) DIVISION ONE
v. )
) UNPUBLISHED OPINION
FRED QUITMAN J. GARRETT )
AKA FREDERICK Q. GARRETT, II, )
) FILED: December 30, 2013
    Appellant. )

PER CURIAM — Fred Garrett appeals his conviction for second degree burglary, arguing that the court violated CrR 6.1(d) because it made no finding or conclusion that the building he entered was "other than a dwelling." See RCW 9A.52.030(1). We affirm.[1]

CrR 6.1(d) requires courts to enter findings of fact and conclusions of law following a bench trial. Oral findings and conclusions have "'no final binding effect, unless formally incorporated into the findings, conclusions, and judgment.'" State v. Head, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998) (emphasis added) (quoting State v. Mallory, 69 Wn.2d 532, 533, 419 P.2d 324 (1966)). The findings and conclusions must address each element of the offense. State v. Banks, 149 Wn.2d 38, 43, 65 P.3d 1198 (2003).

A person is guilty of second degree burglary if he or she "enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). Garrett contends the trial court was required to enter findings and/or conclusions addressing whether the home was "other than a dwelling." Assuming, without

deciding, that "other than a dwelling" is an element of second degree burglary,[2] the trial court satisfied CrR 6.1(d). Although the trial court's written findings and conclusions do not expressly address that alleged element, its incorporated oral findings and conclusions do.

The court's written findings and conclusions state in part that "the court incorporates by reference its oral findings and conclusions." The court orally concluded that the burned-out home Garrett burgled was "not, under the applicable law, to be considered a dwelling." Thus, even assuming a finding or conclusion on this point was required, the court's incorporated oral conclusion satisfied that requirement.

Affirmed.

For the court:

Becker, J.

Appelwick, J.

Spearman, A.C.J.

---

[1] Garrett does not challenge his conviction for attempted theft of a firearm.

[2] We need not reach this question but note that the legislature added the "dwelling" language to second degree burglary in 1989 when it created the more serious offense of residential burglary. Laws of 1989 2nd Ex. Sess., ch. 1, §§ 1 (codified at RCW 9A.52.025); RCW 9A.52.030 (1989), amended by Laws of 1989 2nd Ex. Sess., ch. 1, §§ 2. Thus, the legislature may have added the language to simply distinguish residential burglary from second degree burglary, not to create an additional element. S.B. 5233, 51st Leg., Reg. Sess., at 2952 (Wash.1989)