# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| OLIVIA MORA, | ) |
| | ) No. 75324-0-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| GREEN RIVER COLLEGE, | ) UNPUBLISHED OPINION |
| | ) |
| Respondent. | ) FILED: June 12, 2017 |

SPEARMAN, J. — There is a three-year statute of limitations for disability discrimination claims under the Rehabilitation Act, the Americans with Disabilities Act (ADA), the Washington Law Against Discrimination (WLAD), and for negligent infliction of emotional distress. Olivia Mora filed her complaint alleging these causes of action nearly nine years after she was asked to withdraw from an aviation course at Green River College (GRC), which is the factual basis for her complaint. The trial court properly dismissed her complaint as time barred. We affirm.

## FACTS

Olivia Mora attended GRC in 2007 and was enrolled in an aviation class. On May 15, 2007, Mora met with her teacher and the Director of Disability Support Services. Both advised Mora to consider withdrawing from the course

because she was failing. They encouraged Mora to consider career options outside of aviation. Mora was upset by the school's advice and felt humiliated.

Mora filed a complaint against GRC and other defendants in United States District Court in December 2012. She alleged that the defendants violated her civil rights with respect to the aviation course. The court found that the complaint was barred by the statute of limitations, deficient service of process, and that Mora failed to state a claim upon which relief can be granted. Her complaint was dismissed with prejudice.

Then, on January 13, 2016, Mora filed a complaint against GRC in King County Superior Court concerning the same 2007 aviation course. Mora alleged disability discrimination under the Rehabilitation Act,[1] ADA,[2] and WLAD.[3] Mora amended her complaint adding a cause of action for negligent infliction of emotional distress.

GRC moved to dismiss, arguing that Mora's complaint was barred by the statute of limitations, res judicata, and that the complaint was not properly served. GRC requested attorney fees and costs for defending against a frivolous suit. The trial court dismissed Mora's claims based on the statute of limitations and res judicata. In spite of an oral ruling to the contrary, the trial court found in its written order that the lawsuit was frivolous and awarded fees under CR 11.

---

[1] Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l.
[2] Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213.
[3] Ch. 49.60 RCW.

No. 75324-0-I

GRC later moved for attorney fees under CR 11 and RCW 4.84.185 and was awarded $2,500.

## DISCUSSION

Mora argues that the trial court erred by dismissing her claims as barred by the statute of limitations and res judicata.

We review de novo a trial court's ruling on a motion to dismiss. McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d 25 (2016). "[W]e accept as true the allegations in a plaintiff's complaint and any reasonable inferences therein." Reid v. Pierce County, 136 Wn.2d 195, 201, 961 P.2d 333 (1998). Dismissal under CR 12(b)(6) is appropriate "only if it appears beyond a reasonable doubt that no facts exist that would justify recovery." Cutler v. Phillips Petrol. Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994).

Each cause of action pleaded by Mora carries a three-year statute of limitations. Antonius v. King County, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004) (WLAD); Cox v. Oasis Physical Therapy, PLLC, 153 Wn. App. 176, 190, 222 P.3d 119 (2009) (negligent infliction of emotional distress); see Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (Americans with Disabilities Act); Douglas v. Cal. Dep't of Youth Auth., 271 F.3d 812, 823 n.11, 271 F.3d 910 (9th Cir. 2001) (Rehabilitation Act).[4]

---

[4] The Rehabilitation Act and the ADA do not have their own statute of limitations, so the court applies the statute of limitations of the most analogous state law. Pickern, 293 F.3d at 1137 n.2. The analogous state law is an action for personal injury. Id. The Washington statute of limitations for personal injury actions is three years. RCW 4.16.080(2).

Mora filed her complaint in January 2016, which is nearly nine years after she withdrew from the aviation course in May 2007. A statute of limitations may be tolled in some circumstances, but Mora has not alleged facts related to minority, incompetency, or incarceration that would toll the limitations period. RCW 4.16.190. Mora argues that CR 15(c) cures the untimeliness of her complaint because it allows amended pleadings to relate back to the date of the original pleading. But Mora's original state complaint was filed in January 2016, which is also well after the statute of limitations expired. Mora's claims are barred by the three-year statute of limitations.

Having found that the complaint is time-barred, we need not decide whether Mora's claims are also barred by res judicata.

Mora assigns error to the written order finding that her suit was frivolous because the judge made an oral ruling that she would not enter such a finding. But a judge's oral opinion "'has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment.'" State v. Collins, 112 Wn.2d 303, 306, 771 P.2d 350 (1989) (quoting State v. Mallory, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966)). Accordingly, we reject this assignment of error.

Mora additionally argues that she was denied a fair hearing on GRC's motion to dismiss because the judge dated the order May 5, 2016, rather than May 6, which was the date of the hearing. In spite of this discrepancy, the record indicates that the judge received, reviewed, and signed the order on May 6,

No. 75324-0-I

2016. The date was merely a scrivener's error that is immaterial to the fairness of the proceeding.

Affirmed.

WE CONCUR:

_____

_____ Spearman, J.

_____ Leach, J.

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2017 JUN 12  AM 9: 54