IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34704-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER LLOYD NOVIKOFF, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Christopher Novikoff appeals a trial court order revoking his special sex offender sentencing alternative (SSOSA) and imposing the terms of his suspended sentence. We affirm.

FACTS

Mr. Novikoff pleaded guilty to three counts of child molestation in the first degree, domestic violence. He received a SSOSA over the State's objection. Mr. Novikoff was sentenced to 130 months to life in prison with all but 12 months suspended. He was also placed on community custody. During the term of community custody, Mr. Novikoff was required, among other things, to "fully comply with any recommended treatment." Clerk's Papers at 40.

Mr. Novikoff did very well at first. However, after receiving prescription opioids for a back injury, Mr. Novikoff came into conflict with his community corrections officer (CCO) and therapist. Mr. Novikoff's therapist ultimately terminated him from treatment based on overuse of prescription medications and unauthorized use of marijuana. The State then filed a motion to revoke Mr. Novikoff's SSOSA.

The trial court held a revocation hearing and heard from Mr. Novikoff, two CCOs, and Mr. Novikoff's therapist. The therapist explained she was concerned about marijuana because Mr. Novikoff had been using marijuana at the time of his offense conduct. The therapist also agreed, somewhat reluctantly, to accept Mr. Novikoff back into treatment, but only under strict conditions, including no use of marijuana without proper monitoring. The CCOs generally testified to their belief that Mr. Novikoff was not taking his treatment seriously. Mr. Novikoff also testified and seemed reluctant to stop using marijuana. When asked if he was willing to stop using marijuana, Mr. Novikoff stated, "I don't see the point." Report of Proceedings (Aug. 31, 2016) at 199.

The trial court revoked Mr. Novikoff's SSOSA and imposed the original term of incarceration. In its oral comments, the court acknowledged that in some circumstances a SSOSA violation can be punished by 60 days' confinement. However, based on *State v. Miller*, 180 Wn. App. 413, 325 P.3d 230 (2014), the court stated if treatment is not

2

available, the only option is revocation.  In its written findings and conclusions, the trial

court noted Mr. Novikoff's therapist was willing to re-admit him to treatment.   However,

the court concluded Mr. Novikoff had failed to make satisfactory progress in treatment

since May 2016, and he violated a condition of his SSOSA by not completing sex

offender treatment.  Mr. Novikoff appeals.[1]

## ANALYSIS

*Trial court's consideration of alternatives to revocation*

A trial court's decision to revoke a SSOSA is reviewed for abuse of discretion.

*State v. McCormick*, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009); *State v. Partee*,

141 Wn. App. 355, 361, 170 P.3d 60 (2007).  A trial court abuses its discretion if it

erroneously believes its options are limited and fails to consider other legally available

possibilities.  *Partee*, 141 Wn. App. at 361-62.

Both parties agree that trial courts may impose 60-day jail terms for SSOSA

violations in lieu of revocation.  *Id.* at 362-63; *State v. Badger*, 64 Wn. App. 904, 909-10,

827 P.3d 318 (1992).  Mr. Novikoff argues the trial court mistakenly believed it did not

---

[1] Mr. Novikoff has filed a Statement of Additional Grounds (SAG).  The SAG does not raise any new issues, beyond those discussed in counsel's briefs.

have this option here. The State contends the trial court was aware of its options and simply declined to impose an alternative to revocation. We agree with the State.

We begin by noting that it is the trial court's written order that governs our analysis, not the court's oral comments. *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966). A court's oral comments or opinion "is no more than an expression of its informal opinion at the time it is rendered. It has no final or binding effect unless formally incorporated into the findings, conclusions, and judgment." *Id.*

Although portions of the court's oral comments can be read to suggest the court believed it had no legal option other than revocation, the written ruling cleared up any confusion. In the written ruling, the court recognized that treatment was available to Mr. Novikoff. Nevertheless, the court opted for revocation, based on Mr. Novikoff's failure to make substantial progress in treatment. There was no legal error in the court's disposition.

*Trial court's conclusion on no satisfactory progress*

A court may revoke a SSOSA if it "*finds* that the offender is failing to make satisfactory progress in treatment." RCW 9.94A.670(11) (emphasis added). By the statute's plain terms, the issue of whether a defendant has made satisfactory progress in

treatment is a factual matter, left to the judgment of the trial court.[2]  This delegation of authority makes good sense.  Under the SSOSA statutory scheme, the trial court is the entity tasked with setting a defendant's SSOSA conditions and monitoring compliance. RCW 9.94A.670(4), (6), (8).  It therefore stands to reason that the issue of whether a defendant has made "satisfactory progress" toward the court's treatment expectations is a matter best reserved for the trial court. We review this type of determination for abuse of discretion.  *See, e.g.*, *McCormick*, 166 Wn.2d at 705-06.

The record shows no abuse of discretion.  The evidence indicated Mr. Novikoff had regressed in treatment and was no longer responsive to recommendations made by his therapist and CCOs.  Mr. Novikoff's dismissive attitude toward concerns raised about marijuana suggested he was at significant risk of reoffending.  Although the trial court could have opted to give Mr. Novikoff a second chance, leniency was not required. Based on the record before the trial court, there was a sufficient basis to find Mr. Novikoff had not made satisfactory progress in treatment and that revocation was an appropriate consequence.

---

[2] The fact that the trial court included its ultimate finding regarding lack of satisfactory progress in the conclusions of law section of its order has no bearing on our analysis.  *Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986).

No. 34704-4-III
*State v. Novikoff*

## CONCLUSION

The order revoking Mr. Novikoff's SSOSA is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____         _____
Korsmo, J.                               Lawrence-Berrey, A.C.J.

6