FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 OCT -1 AH 9: 10



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76557-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOHN NORMAN HARTMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 1, 2018 |
| | ) | |

MANN, A.C.J. — John Hartman appeals his conviction for felony failure to register as a sex offender under RCW 9A.44.132. Hartman argues that there was insufficient evidence to support his conviction beyond a reasonable doubt, that the trial court erred in failing to enter written findings of fact and conclusions of law, and that the sentence imposed exceeded the statutory maximum.

We affirm Hartman's conviction. However, we accept the State's concession that the combined period of confinement and community custody imposed exceeds the statutory maximum of 60 months, and remand for resentencing.

I.

Hartman is required to register as a sex offender. Snohomish County Deputy Sheriff David Coleman was assigned to verify Hartman's registered address on

September 16, 2015. Coleman went to the registered address at 1710 Russian Road, in Arlington. On the Russian Road property is a house where Arlene Lawyer, her mother, and two children resided. The property also had a shop where Hartman and Chauncea Schnabel[1] lived.

While at the Russian Road residence, Coleman spoke with Lawyer and Schnabel. Lawyer told Coleman that Hartman no longer resided at the Russian Road address and had not lived there since the end of June or the beginning of July. Lawyer indicated that Hartman may have left a couple of items until the end of July, such as his mobile trailer and his vehicle. During this interaction, Schnabel called Hartman on her cell phone, and Coleman spoke to Hartman. Hartman explained he had not gone in to register because he had car trouble and he was afraid to go to the courthouse. Later that day, Hartman registered his new address, 5729 Mero Road in Snohomish, with the Snohomish County Sheriff's Office. The Mero Road address is Hartman's mother's house.

The State charged Hartman by amended information with failure to register, a class C felony, for the time period of about July 16 through September 15, 2015. Hartman waived his right to a jury trial. After a bench trial, on February 14, 2017, the trial court found Hartman guilty and issued an oral ruling.

On March 3, 2017, the trial court sentenced Hartman to the standard range of 33 months, with credit for time served, and 36 months of community custody. Hartman filed a notice of appeal that same day. After the appeal was filed, the trial court entered written findings of fact on September 13, 2017. We granted the State's motion to

---

[1] Schanbel is Lawyer's daughter.

-2-

expand the trial court's authority to include the trial court's written findings and conclusions under RAP 7.2(a), (e), and RAP 8.3.

## II.

Hartman argues first that there was insufficient evidence to sustain his conviction. We disagree.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). In a criminal case, "all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." Kintz, 169 Wn.2d at 551 (citing State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." Kintz, 169 Wn.2d at 551. Circumstantial evidence is considered as reliable as direct evidence. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "'Credibility determinations are for the trier of fact' and are not subject to review." State v. Cardenas-Flores, 189 Wn.2d 243, 266, 401 P.3d 19 (2017) (citing State v. Camarillo, 115 Wn.2d 60, 71, 794 P.2d 850 (1990)).

Hartman was convicted of failing to register as a sex offender under RCW 9A.44.132. Under RCW 9A.44.132, the State must prove beyond a reasonable doubt that Hartman (1) had a duty to register under RCW 9A.44.130 for a felony sex offense and (2) knowingly failed to comply with any of the requirements of RCW 9A.44.130. RCW 9A.44.132(1). An offender must register his or her new address within three

business days of moving. RCW 9A.44.130(5)(a). A person who lacks a "fixed residence"[2] must report weekly to the county sheriff. RCW 9A.44.130(6)(b).

It is undisputed that Hartman had a duty to register. Hartman stipulated that he had a prior conviction for indecent liberties that required him to register in Snohomish County as a sex offender during the period at issue.

There was also sufficient evidence establishing that Hartman knowingly failed to register. The State presented evidence from Detectives Berg and Ferreira that Hartman was familiar with the process of registering a new address with the Snohomish County Sheriff's Office

Detective Ferreira, who was on duty the day Hartman registered the Russian Road address, testified that Hartman signed the Notification of Registration and Sex Offender Requirements form, which had a box indicating that Hartman attested to reading and understanding the information contained therein. The form included a paragraph about the requirements for when an address must be changed. Detective Ferreira asked Hartman if he had any questions about the information in the form. Detective Ferreira gave Hartman a copy of the form.

There was also sufficient evidence to support that Hartman had not lived at the Russian Road address after mid-July 2017. Deputy Coleman testified that Schnabel and Lawyer told him that Hartman no longer resided there. Schnabel offered to call

---

[2] A fixed residence "means a building that a person lawfully and habitually uses as living quarters a majority of the week. Uses as living quarters means to conduct activities consistent with the common understanding of residing, such as sleeping; eating; keeping personal belongings; receiving mail; and paying utilities, rent, or mortgage. A nonpermanent structure including, but not limited to, a motor home, travel trailer, camper, or boat may qualify as a residence provided it is lawfully and habitually used as living quarters a majority of the week, primarily kept at one location with a physical address, and the location it is kept at is either owned or rented by the person or used by the person with permission of the owner or renter." RCW 9A.44.128(5).

Hartman on her cell phone for Coleman. Hartman told Coleman over the phone that he had not registered because his car had broke down, and he was afraid to go to the courthouse. He also asked Coleman several times not to file charges against him.

Lawyer testified that she asked Hartman to move out of the Russian Road address in late June or the beginning of July and that he was out by mid-July. Schnabel testified that Hartman was completely moved out before her birthday, July 21· 2015. Neither Lawyer nor Schnabel could say with certainty that Hartman had not slept in the shop for a night or two between July and September, but they also had not seen him enter or exit the shop during that time, except to move his personal belongings. Lawyer and Schnabel both testified that Hartman asked them to say he was still living at the Russian Road address if any officers stopped by to check on his status.

Hartman argues that Lawyer and Schnabel were angry with him, and that his mother, Karen Strand, and her boyfriend John Pennock testified that he had not moved to the Mero Road property until September. Strand and Pennock testified that they helped Hartman move out of the Russian Road address using Pennock's pick-up truck. Strand testified that Hartman had previously lived with her at the Mero Road address, but this time he planned to live in his trailer on the property. Strand testified that she rented a storage unit for Hartman in mid-June, but Hartman did not begin moving anything into the unit until September. Pennock testified that the trailer Hartman was going to live in was not habitable prior to September 9, 2015, because it was not hooked up to electricity or water until early-September. A receipt from Lowes shows that wire was purchased to run electricity underground to the trailer on September 4, 2015, and Pennock testified that it would have taken four or five days to hook up the

water and electricity from the date the wire was purchased, making the trailer livable on September 9, 2015—four business days before Hartman registered the Mero Road address.

While we agree with Hartman that there was conflicting testimony, it is not our role to determine the credibility of the witness. We defer to the trial court's credibility determinations. Cardenas-Flores, 189 Wn.2d at 266. The trial court heard the testimony and found that Hartman had been kicked out of the Russian Road residence and was not residing at that address from July to September 2017.

Viewed in the light most favorable to the State, a rational trier of fact could have found that Hartman failed to register after moving out of the Russian Road residence.

III.

Hartman argues next that his conviction should be reversed because the trial court failed to enter written findings of fact and conclusions of law as required by CrR 6.1(d). We disagree.

CrR 6.1(d) requires entry of written findings of fact and conclusions of law at the conclusion of a bench trial. State v. Head, 136 Wn.2d 619, 622, 964 P.2d 1187 (1998). "Remand for entry of written findings and conclusions" is the proper remedy for a violation of CrR 6.1(d). Head, 136 Wn.2d at 622 (citing State v. Mallory, 69 Wn.2d 532, 533, 419 P.2d 324 (1966)). "Reversal may be appropriate where a defendant can show actual prejudice resulting from the absence of findings and conclusions or following remand for entry of the same." Head, 136 Wn.2d at 624. An example of actual prejudice is where "there is strong indication that findings ultimately entered have been 'tailored' to meet issues raised on appeal." Head, 136 Wn.2d at 624-25.

While the trial court here did not issue written findings of fact or conclusions of law until six months after its oral ruling, Hartman fails to demonstrate actual prejudice from the delay. Hartman does not allege that it was impossible to review the trial court's application of law to the facts in this case, and there is no indication that the written findings of fact and conclusions of law were tailored to the issues on appeal. The written findings of fact and conclusions of law do not differ from the trial court's oral findings made on February 14, 2017. Because written findings and conclusions have been entered, remand is not necessary.

IV.

Hartman also challenges his combined term of confinement and community custody as exceeding the statutory maximum. The State concedes that the combined term of 68 months exceeds the statutory maximum of 60 months.

The combined term of confinement and community custody cannot exceed the statutory maximum. RCW 9.94A.701. The trial court is required to "reduce an offender's term of community custody to ensure that the total sentence is within the statutory maximum." State v. Land, 172 Wn. App. 593, 603, 295 P.3d 782 (2013) (citing State v. Boyd, 172 Wn.2d 470, 473, 275 P.3d 321 (2012)). We accept the State's concession and remand for correction of the term of community custody.

We affirm Hartman's conviction, but remand for correction of the term of community custody.

_Mann, ACJ_

WE CONCUR:

_Chun, J._