# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50935-1-II |
| Respondent, | |
| v. | |
| SPENCER JAMES FREDRICKSEN, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Spencer James Fredricksen appeals his bench trial conviction for harassment-death threats. He argues that the evidence was insufficient to prove that (1) his statements constituted a true threat to kill, or (2) the victim reasonably feared that he would be killed. Because the trial court failed to enter written findings of fact and conclusions of law as required by CrR 6.1(d), we decline to reach these issues. Instead, we vacate the judgment and sentence and remand the case for entry of written findings of fact and conclusions of law.

## FACTS

The State charged Fredricksen with harassment-death threats and attempted second degree assault. After the trial court granted Fredricksen's pretrial *Knapstad*[1] motion to dismiss the attempted second degree assault, the State amended the information to charge only harassment-death threats. The trial court denied Fredricksen's pretrial *Knapstad* motion to dismiss and half-time motion to dismiss the harassment-death threats charge.

---

[1] *State v. Knapstad*, 107 Wn.2d 346, 729 P.2d 48 (1986).

After hearing testimony from the State's witnesses and from Fredricksen, the trial court found Fredricksen guilty of harassment-death threats. But the trial court did not enter written findings of fact and conclusions of law supporting its verdict as required under CrR 6.1(d).

Fredricksen appeals his conviction.

ANALYSIS

Fredricksen argues that the evidence was insufficient to prove that his statements constituted a true threat to kill or that the victim reasonably feared that he would be killed. But we cannot reach these issues because the trial court failed to enter written findings of fact and conclusions of law as required by CrR 6.1(d).

The trial court is *required* to enter written findings of fact and conclusions of law following a bench trial. CrR 6.1(d),[2] *State v. Head*, 136 Wn.2d 619, 621-22, 964 P.2d 1187 (1998). Written findings and conclusions facilitate the appellate review process. *Head*, 136 Wn.2d at 622. Additionally, the trial court's oral opinion "'has no final or binding effect'" until it is formally incorporated in written findings, conclusions, and judgment. *Head*, 136 Wn.2d at 622 (quoting *State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966)). The appropriate remedy when the

---

[2] CrR 6.1(d) provides:

> In a case tried without a jury, the court shall enter findings of fact and conclusions of law. In giving the decision, the facts found and the conclusions of law shall be separately stated. The court shall enter such findings of fact and conclusions of law only upon 5 days' notice of presentation to the parties.

trial court has not complied with CrR 6.1(d) is to vacate the judgment and sentence and remand to the trial court for entry of written findings and conclusions as required.[3]  *Head*, 136 Wn.2d at 624.

Accordingly, we vacate the judgment and sentence and remand for entry of the written findings of fact and conclusions of law as required under CrR 6.1(d) "from which either party may appeal as in the usual course of things."  *Head*, 136 Wn.2d at 626.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

WORSWICK, J.

---

[3] Fredricksen clearly stated in his appellate brief that the trial court had not filed the findings of fact and conclusions of law, but there is nothing in the record suggesting that either party attempted to resolve this deficiency.  "Although the ultimate responsibility [for entering the findings of fact and conclusions of law] rests with [the] trial judge, the reality is that" both the State and the appellant share some of the responsibility for ensuring that the findings of fact and conclusions of law are entered so this court can fully address the issues on appeal.  *See State v. Yallup*, 3 Wn. App.2d 546, 556, 416 P.3d 1250, *review denied* 191 Wn.2d 1014, 426 P.3d 742 (2018).  We note that "[b]asic principles of civility and professionalism dictate that all counsel should attempt to resolve problems before they grow into bigger issues."  *Yallup*, 3 Wn. App.2d at 557.  To ensure a full consideration of the case on the merits, the earlier in the appellate process that the parties attempt to remedy such deficiencies the better.